LEWIS RUFFNER, Plaintiff in Error, *v.* MURRAY McCONNEL *et al.,* Defendants in Error; and
McCONNEL *v.* RUFFNER *et al.,* on Cross Bill.

### ERROR TO MORGAN.

A mistake in fact may be a ground for equitable jurisdiction, if the mistake is made to appear satisfactorily. But this does not extend to mistakes in the law of the contract, or in the intention of one of the parties, or the mistakes of legal terms agreed upon between the parties, without fraud.
One partner has not the power to convey the realty of the firm by deed or assignment, nor make contracts about it specifically enforcible against the others.
Lands belonging to a partnership are liable for payment of its debts, and go into joint account on settlement of profit and loss ; but they must be conveyed in the mode recognized for the transfer of real estate.

RUFFNER states, in his bill, that, for value received of Fielder, as general agent of Kanawa Salt Company, on 29th Aug., 1842, for consideration of $400, a deed was executed and acknowledged, on same day, at Naples, by Vansyckel and wife, and McConnel and wife, two days afterwards at Jacksonville, to Fielder, for a tract of land in Scott county ; Vansyckel and McConnel and wives " covenanting that their heirs, executors and administrators will warrant and defend title to said premises, and to every part thereof, to him, the said party of the second part,

his heirs and assigns forever, against the lawful claim or claims of all and every person or persons whatsoever, claiming or to claim the same or any part thereof;" that it was the intention to execute general warranty deed, and that the word " they," by inadvertence or mistake, was omitted; that the contract was for a general warranty deed, and there was no stipulation for just such a deed as was executed; that Fielder and wife, on 9th October, 1853, by quit-claim deed conveyed the land to Ruffner, and that deed was not recorded until 1853; that a chancery suit was instituted in Circuit Court of Scott county, in 1847, by William Richardson and others *vs.* McConnel, Vansyckel and Fielder and others, which was responded to by them, he relying upon the aforesaid deed, and that he was purchaser for a valuable consideration without notice; that a decree was had in the case, under which the land was sold and conveyed to William Thomas, as trustee for complainants, in 1850 and 1851, and that sale and conveyance had been reported, and approved by the court, and that McConnel and Vansyckel, as parties to the proceedings, had notice. Ruffner says that title, conveyed to him by Fielder, and by McConnel and Vansyckel to Fielder, was not warranted and defended, but was evicted by title paramount under the foregoing proceedings, and that title to the property never was in McConnel and Vansyckel. Ruffner says that his title as grantee or assignee of Fielder has been wholly evicted, and that McConnel and Vansyckel ought to pay him the consideration of the deed of 29th Aug., 1842, and six per cent. interest from that date, and prays for that relief, or such relief as he may be entitled to in the premises.

McConnel answers that Ruffner has no right to sue in this case; that Fielder had only an equity to correct mistake, which was not transferable; that Fielder had no right to recover the purchase money—could only have the mistake corrected—which was a personal right, and not assignable; that Fielder conveyed land to Ruffner, by quit-claim deed, for consideration of only $1, and that Ruffner had no right in law or equity to assert any claim under the covenenants of the deed of Aug., 1842; that admitting the allegations of the bill to be true, the remedy, if any, is at law; that the bill is not for discovery and relief, but for relief only, and is cognizable only in a court of law for violation of contract, and a prayer for discovery only could give the court jurisdiction—and insists that the suit be dismissed; that the land was sold at sheriff's sale, and bid off by Vansyckel, (who paid for the same,) in name of McConnel and Vansyckel, without knowledge, consent or authority from McConnel, and that his name was put in certificate of purchase by mistake.

When the facts were ascertained, Vansyckel urged sheriff to make deed to McConnel and Vansyckel, and that when he (Vansyckel) sold it, only quit-claim deed would be required of McConnel; and so he agreed upon no other conditions to the use of his name.   Some time after the sheriff's deed was made, Vansyckel sold the land to Fielder, but of the terms McConnel says he knows nothing; that the deed in question was drawn by an agent of Fielder, and executed by Vansyckel and wife at Naples, and sent to McConnel to Jacksonville to execute, and he took it to Naples to get explanation of Vansyckel, and learned from him that he had negotiated sale of land to Fielder through agent in St. Louis, and he (Vansyckel) told the agent that title to land was good, and was in McConnel and Vansyckel; that McConnel had no interest in it and never had any, and he would not make a warranty deed; that agent examined title, and found it good; that agent informed Vansyckel that the deed in question was mere quit-claim deed; that McConnel then examined the said deed, and finding there were no covenants against him, and being strongly urged by Vansyckel, reluctantly signed and acknowledged the deed when he returned from Naples.   McConnel denies the sale of the land, for any consideration, to Fielder, as wholly untrue; and denies that he contracted .for warranty deed, or any deed with covenants, or that any such deed was intended, or that anything was left out of the deed by mistake, or that there was any mistake, and demands proof.

Vansyckel answers as McConnel does, so far as the jurisdiction of the court is concerned ; and, furthermore, says that Fielder, in 1852, unsuccessfully impleaded McConnel and Vansyckel, in an action of covenant in the Circuit Court of Scott, on the covenants of the deed sought to be corrected in this case, and that judgment in the covenant case is in full force, &c., and is a bar to any proceeding in this case, and answers in other particulars substantially as McConnel's answer has been set forth.

Replication was filed to these answers.

McConnel exhibits cross bill against Fielder, Ruffner and Vansyckel, amplifying statements of his answer—quotes the covenants in the deed sought to be corrected in this case, and charges that the covenants should have been mere quit-claim covenants, and that the covenants in the deed were inserted by fraud or mistake ; that the deed be corrected, and that he and his heirs, &c., may be protected from further annoyance by injunction.

Ruffner and Fielder answer the cross bill, quoting from certain records and proceedings that McConnel, by stipulation at the end of the answer, admits to be true, denying all the allegations of the cross bill inconsistent with the original bill; and

they jointly and severally pray that Ruffner may have the relief he asks in his original bill.

Replication filed to the answer.

Stipulation made at October term, 1853, admitting verity of allegations as to matters of record in the Circuit Court of Scott, and waiving the production of transcripts.

Fielder testifies that he is well acquainted with Ruffner and Vansyckel, and slightly acquainted with McConnel; that the consideration of the deed was $400, paid, at the date of the deed, by a credit on certain protested acceptances of McConnel and Vansyckel, which the witness held as agent of a salt com pany, on account of sales of salt by McConnel and Vansyckel. The deed was drawn by L. Spencer, a lawyer of St. Louis, (since deceased,) whom witness employed to go to Illinois to investigate title and have transfer legally made. No stipulation or arrangement with McConnel and Vansyckel other than general warranty deed, and directed agent to take no other. McConnel and Vansyckel never proposed any other, and when the deeds came into the hands of witness, he looked them over as to quantity of land, considerations, &c., and had not been apprized, until recently, of the absence of personal covenant in the deed in question in this case. Witness wrote but seldom to McConnel and Vansyckel; generally called in person to settle accounts. They were trading at Naples for several years, and sold a large quantity of salt for Hewitt, Ruffner & Co.

Decree dismisses original and cross bills.

Errors assigned:

1st. That the original bill was dismissed.

2nd. That the court below did not grant appellant the specific relief prayed for in his bill.

3rd. That the court below did not decree correction of mistake, in deed of appellees to Fielder, by adding the word "they" to covenant of warranty.

The decree in this case was rendered at October term, 1854, of the Morgan Circuit Court, WOODSON, Judge, presiding.

D. A. SMITH, for Plaintiff in Error.

M. McCONNEL and J. GRIMSHAW, for Defendants in Error.

SCATES, C. J. The bill seeks to correct a mistake of fact, alleged to have been made by omitting to insert the word "they" in the covenant of warranty in a deed of conveyance, so as to make it a personal covenant of the vendors; and thereupon, for relief by decree for the purchase money, with interest, on breach of the covenant so reformed, by recovery from vendors and ven-

dee, by paramount title, in a case in equity, to which all were parties defendants.

We do not think the record shows a case for the interposition of a court of equity. We recognize a mistake in fact as a ground for equitable jurisdiction; but relief will only be granted upon clear and satisfactory proof of the mistake in fact. *Harris et al.* v. *Reece et al.,* 5 Gil. R. 212; *Selby* v. *Geines,* 12 Ill. R. 69; 1 Story Eq. Jurisp., Secs. 110, 151, 152, 153.

But this does not extend to mistakes in the law of the contract, case, or legal meaning of the terms agreed on between the parties, without fraud. 1 Story Eq. Jurisp., Secs. 111, 115; *Beebe* v. *Swartwout,* 3 Gil. R. 162. Nor to mistakes in the intention of one only of the parties, and without fraud in the other. *Coffing et al.* v. *Taylor,* 16 Ill. R. 457.

We may admit, without discussion of the evidence, that a mistake has been shown as to the kind of covenant Vansyckel intended and agreed to enter into, and that the deed of both should contain; yet the evidence shows that McConnel did not agree personally, but, on the contrary, expressly refused to enter into a covenant of warranty. Defendants were partners, and liable as such for the debt which was paid with the land, notwithstanding the private agreement between them that Vansyckel should pay all the debts, and be liable therefor. Although this land was transferred to, and the title held by, the partners, and liable to partnership debts, yet the plaintiff's abstract equity against McConnel is weakened by the fact that it was the private transaction, if not the private propety, of Vansyckel, and taken in the names of both at his instance, and without McConnel's knowledge, and who only afterwards consented to transfer or convey, that the property might pass out of him again for what it might be worth.

The solution of the facts in the case, however, depends upon the legal power of one partner, generally, to convey or make such contracts, verbal or written, as will pass the title of real estate belonging to the firm, or which may be specifically enforced in equity, by compelling the other partner to execute a conveyance, with or without particular covenants, or by decree for such a conveyance by a commissioner of the court. This would be the result, if the power exists in each partner to bind the other in relation to the realty. I do not speak of such contracts in relation to the liability of partners for damages for their breach, but in relation to specific execution of them, and conveyances by one, for all the partners.

In this point of view, under the law governing partnerships, one partner has not the power to convey the real estate of the firm, either by deed or assignment; nor make contracts, written

or verbal, specifically enforcible against the others. Collyer on Part., Secs. 135 and notes, 394; Story on Part., Sec. 101 and notes; Story on Agency, Cap. 6, Sec. 125; *Piatt* v. *Oliver et al.*, 3 McLean R. 28. See *Tapley* v. *Butterfield*, 1 Metcalf R. 515; *Deckard* v. *Case*, 5 Watts R. 22; *Sloo* v. *President, &c., State Bank of Illinois*, 1 Scam R. 428.

Lands belonging to the partnership are nevertheless equally, with the personalty, liable to the payment of the debts of the firm, and will go into the balance of account between the partners on settlement of profit and loss. See same authorities. But in the transfer of lands, the rules applicable to the conveyance and descent of realty are to be observed, as they are not modified by the nature of the ownership; nor have partners, under the law of partnerships, an implied power, individually, for the firm to do what may be done by a court of equity in paying creditors, or adjusting balances between the partners. They must observe all the solemnities, and convey in the modes recognized by law for the transfer or conveyance of real estate. By these, a co-parcener, joint-tenant, or tenant in common, has no power to bargain, sell or convey the real estate, or interest in it, of his co-tenant. The agreement of Vansyckel, as partner, was not, therefore, obligatory upon McConnel to make any kind of conveyance of this land, either in law or equity. The plaintiff should have protected himself by refusing to take any other than such a conveyance as suited, or would protect his title. Upon defendant's declining to give a warranty, he should have refused to receive the one tendered; and if he had any personal remedy against the firm, for damages for breach of such an agreement by one partner — upon which we express no opinion — he should have brought his action upon the contract for breach, and not a bill for specific execution.

The right to a decree is very questionable, upon another ground, even against Vansyckel alone, upon any covenant in, or that should have been in, this deed as to him; for he alone might have made his covenant of warranty in it, had it been asked and required.

The plaintiff has brought his action of covenant on this very covenant, for a breach, against both defendants, and suffered a recovery against him for costs, and which has been affirmed in this court. *Ruffner* v. *McConnel et al.*, 14 Ill. R. 168.

We are not able to distinguish the case in principle, if it be at all in the facts in this respect, from the case of *Sibert* v. *McAvoy*, 15 Ill. R. 106, where the plaintiff first sued upon the contract at law, and after judgment; then filed his bill to reform the contract by correction of an alleged mistake. The court held that the contract was merged in the judgment, and there was no contract left to be reformed or corrected.

Under this view of the case, we need not examine into the question whether the recovery in equity against warrantors and warrantee, by paramount title, is sufficient showing of a breach, without further actual eviction.

*Decree affirmed.*

SKINNER, J. I agree that Vansyckel could not bind McConnel, his co-partner, to execute a deed with covenants of general warranty, and that upon this record the decree should be affirmed.