## McMASTER v. GOSS.

No. 10626—Opinion Filed Jan. 16, 1923.

(Syllabus.)

1. **Frauds, Statute Of—Specific Performance—Oral Contract for Sale of Realty—Part Performance.**

An oral contract for the purchase of real estate, where payment of the purchase price has been made, and the vendee goes into possession of said property in good faith and makes valuable improvements thereon, takes the contract out of the statute of frauds, and is such a part performance of contract as to warrant a court in decreeing specific performance of the contract.

2. **Same—Sufficiency of Evidence.**

Record examined, and held, that the findings and judgments of the trial court are sufficiently supported by the evidence.

3. **Quieting Title—Recovery on Strength of Own Title.**

A party to an action for the recovery of land must recover upon the strength of his own title, and he will not be allowed to cloud the title claimed by his adversary where no benefit could possibly accrue to himself by such action.

4. **Witnesses—Testimony as to Transactions with Person Since Deceased—Statute—Purchaser at Judicial Sale as "Assignee" of Deceased.**

The purchaser of land at execution sale to satisfy a judgment against a person who died subsequent to its rendition, is not the assignee of such deceased person within the meaning of section 5049, Rev. Laws 1910; and in an action involving title to such land, where such a purchaser is the adverse party, the plaintiff, a vendee of such deceased judgment debtor who acquired title before the judgment lien attached, may testify in his own behalf in respect to the transactions or communications had personally with his vendor whereby he claims title.

Error from District Court, Comanche County; Cham Jones, Judge.

Action by T. J. Goss against Evan McMaster to recover land and set aside sheriff's deed. Judgment for plaintiff, and defendant brings error. Affirmed.

J. A. Diffendaffer, for plaintiff in error.

S. I. McElhoes, for defendant in error.

KANE, J. This is an action for the recovery of land and to set aside a sheriff's

deed, commenced by the defendant in error, plaintiff below, against plaintiff in error, defendant below.

Upon trial to the court there was judgment in favor of the plaintiff, to reverse which this proceeding in error was commenced. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

It appears from the record that the plaintiff claims the ten-acre tract of land involved by separate purchases from one S. P. Iles and the Lost Horse Mining Company, the conveyance in each case being by oral agreement coupled with immediate possession and lasting improvements, while the defendant claims the land by virtue of a sheriff's deed issued to him as purchaser at a judicial sale to satisfy a judgment in his favor in an action between himself and said S. P. Iles.

At the outset it is conceded by the parties that the applicable principles of law are correctly stated in Purcell v. Corder, 33 Okla. 68, 124 Pac. 457, and Fulkerson v. Mara, 68 Okla. 272, 173 Pac. 811, as follows:

"An oral contract for the purchase of real estate, where payment of the purchase price has been made, and the vendee goes into possession of said property in good faith and makes valuable improvements thereon, takes the contract out of the statute of frauds, and is such a part performance of contract as to warrant a court in decreeing specific performance of the contract."

Therefore the principal question presented for review is the sufficiency of the evidence to sustain the judgment rendered in favor of the plaintiff.

It is contended on the part of the defendant that there is no evidence whatever that the plaintiff ever had a specific contract of purchase for said land or any part thereof from either Mr. Iles or the Lost Horse Mining Company. On this point it is sufficient to say that we have examined the evidence adduced at the trial as it appears in the record before us, and are convinced that it sufficiently supports the findings and judgment of the trial court.

The facts necessary to a decision of the next question raised may be briefly summarized as follows: The entire ten-acre tract of land involved originally belonged to Mr. Iles. Sometime before either of the parties to this action claimed to acquire any interest therein, Iles made a deed conveying two and one-half acres in fee simple and the mineral right in two and one-half acres

thereof to the Lost Horse Mining Company, a corporation, the plaintiff herein, Mr. Iles, and one Thompson being the directors and sole owners of all the stock of the company. The plaintiff, who was engaged in the grocery business close to the place where Mr. Iles lived and the mining venture was being carried on by the corporation, furnished both Mr. Iles and the corporation with money and merchandise amounting to several thousand dollars' value. The mining venture proving unsuccessful, and neither the mining company nor Mr. Iles being able to pay the plaintiff, the entire tract of land was turned over to him separately by Mr. Iles and the directors and stockholders of the Lost Horse Mining Company for the purpose of extinguishing so far as possible the debt owing to him. Whereupon he immediately took actual possession of the entire tract, following this up with valuable improvements, etc.

Counsel for defendant say that, inasmuch as the deed of Iles to the mining company purported to convey title in fee simple to only two and one-half acres and a bare mineral interest in two and one-half acres, then the Lost Horse Mining Company never had any title to convey to the plaintiff as to the two and one-half acres covered by the mineral claim; and in this connection they further maintained that title to real estate can only be transferred by a corporation by deed in writing and signed and acknowledged by the proper officers.

We are unable to perceive how, in the circumstances found to exist in the case at bar, the defendant's case would be helped by so holding.

The defendant, as we have seen, is claiming the land by a sheriff's deed issued to satisfy a judgment against Iles. The evidence shows that the plaintiff acquired his title to all the land owned by both Iles and the corporation before the judgment of the defendant in the action against Iles became a lien thereon. As the defendant herein does not claim title through the Lost Horse Mining Company, he is not, it seems to us, in a position to question whatever title the plaintiff derived from that source.

The deed from Iles to the Lost Horse Mining Company having been made more than two years before the defendant obtained his judgment against Iles, obviously the judgment never became a lien against any part of the land conveyed, because the fee had passed out of the judgment debtor except, as the defendant contends, the two and one-half acres in which Iles deeded only the

mineral rights. In other words, all the interest in the ten acres that Iles owned was transferred either to the plaintiff or the Lost Horse Mining Company before the defendant's judgment lien attached, so whether the transfer from the Lost Horse Mining Company to the plaintiff is valid or not is not material to the defendant. The defendant must recover on the strength of his own title, and as he claims no title from the Lost Horse Mining Company, to cloud the title of the plaintiff from that source would in no way inure to his benefit.

Finally, it is contended that the court committed error in admitting in evidence certain conversations between the plaintiff and S. P. Iles, which he claims were incompetent under the provision of section 5049, Rev. Laws 1910, which provides in part as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the * * * assignee of such deceased person. * * *"

Counsel contends that the evidence objected to was inadmissible on the theory that the defendant, by virtue of his sheriff's deed, became the assignee of Iles, the judgment debtor, and Iles being deceased at the time of the trial, the plaintiff could not testify to any transaction or communication had with such deceased person.

The authorities do not seem to sustain this contention. In the case of Burlington Nat. Bank v. Beard, 42 Pac. 320, the Supreme Court of Kansas says:

"Neither a sheriff who has levied a writ of attachment upon chattels nor the attachment creditor is an 'assignee' of the attachment debtor within the meaning of section 322 of the Code of Civil Procedure; and a vendee of such attachment debtor, although a party to the action, may testify in his own behalf to the transaction whereby he claims title from the attachment debtor, who has died in the meantime."

In construing the statute, the learned Justice who delivered the opinion said:

"We think that the common acceptation of the word 'assignee' is limited to an assignee in fact, and does not comprehend an assignee by mere operation of law. If it had been intended by the Legislature to include the latter sense, it would have scarcely been necessary to use the words 'executor, administrator, heir at law, next of kin, or surviving partner.' for the word 'assignee,' would be broad enough to embrace them all, and therefore the word 'assignee' was

used in its more limited sense of an assignee in fact. It would be regarded as a strained construction of the word to extend it to a sheriff, or the creditors whom he represents, by reason of the levy of an attachment upon the property of a defendant."

This ruling was approved in the case, Powers v. Scharling (Kan.) 81 Pac. 479, the court holding as follows:

"Where the defendant in an action in ejectment claims title through an executor's sale of a deceased's real estate, he is not the assignee of such deceased person, within section 4770 of the General Statutes of 1901; and the plaintiffs, although they claim title immediately from such deceased person, are not incompetent, under the provisions of that section of the statute, to testify to transactions or conversation had with the deceased concerning the subject-matter of the action."

These cases seem to be conclusive on the question now under discussion.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

JOHNSON, V. C. J., and McNEILL, MILLER, NICHOLSON, and HARRISON, JJ., concur.