## LANGFORD v. PHILLIPS.

No. 14480—Opinion Filed June 17, 1924.

1. **Mortgages—Inclusion of Land by Mistake—Foreclosure—Disclaimer by Owner as Estoppel.**

Where a mortgage is given upon real estate, and by mistake and inadvertence the property of a third person is included in the mortgage; and subsequently suit is filed to foreclose the mortgage and such third person is made a party defendant, and is misled by the description given in the mortgage and in the foreclosure petition into filing a disclaimer, and judgment is taken, sale and confirmation thereof had, and sheriff's deed executed; and during all of the proceedings including the execution of the mortgage, such third person is in actual possession of the property claiming as the owner of the fee-simple title, such third person is not estopped by his disclaimer and the proceedings thereafter to set up his title in defense when his title and right to possession is attacked in a suit in ejectment by the purchaser at the foreclosure sale.

**2. Same—Ejectment Against Owner—Right of Action.**

The claim of title arising out of a disclaimer filed in a mortgage foreclosure proceeding under a mistake of fact growing out of different descriptions of the same property will not support ejectment against the disclaiming party when such disclaiming party was in actual possession of his property at the time the mortgage was given and at all subsequent times up to and including the time of trial of the ejectment suit, holding fee-simple title as shown by instruments of record at all such times.

**3. Same—Disclaimer by Owner in Possession.**

A disclaimer filed in a mortgage foreclosure action under a mistake of fact growing out of different descriptions of the same property is not sufficient to divest the titleholder of his title and possession, when at the time of filing the disclaimer he was in actual possession under instruments of record conveying to him the fee-simple title, and remains in such possession at the time when his title and possession is assailed by the purchaser at the foreclosure sale.

**4. Same—Equitable Relief for Owner.**

Where a party defendant in a mortgage foreclosure action not a party to the mortgage, is misled into filing a disclaimer by a mistake of fact growing out of different descriptions of the same property, and thereafter the title and possession of the disclaiming party is assailed by the purchaser at the foreclosure sale, a court of equity will grant relief against such mistake of fact, and cancel and reform the instruments and proceedings based upon such disclaimer.

**5. Judgment Sustained.**

Record examined, and held; that the judgment of the trial court is amply supported by the record. and should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Martha E. Langford against I. N. Phillips, J. L. Jones, J. R. W. Pegues, Mary E. Tatum, and Tom Tatum, for possession of and to quiet title to certain real estate; and for rents and profits. Judgment for defendants, and plaintiff appeals. Affirmed.

Robert W. Maupin, for plaintiff in error.

George J. Eacock and Chas. L. Moore, for defendants in error.

Opinion by SHACKELFORD, C. The undisputed facts out of which this lawsuit arose appear to be about as follows: An individual by the name of Bird Gee was the owner of 76 acres of land in the west half of the southwest quarter of sec. 4, twp. 12 N. rge. 2 W. I. M., and L. H. Smith was the owner and in actual possession of the remaining four acres of said tract, which was described as a "plat of land consisting of four acres in square form off of the southwest corner of the southwest quarter of sec. 4, twp. 12 N., rge. 2 W. I. M." Bird Gee arranged with a surveyor to plat his portion of the land, the 76 acres. into blocks; but it seems that when the survey was made the entire 80 acres was platted and the plat filed of record; and the four acres were described in the plat as blocks 15 and 16. On the 24th of December, 1906, Bird Gee and wife executed a mortgage to Martha E. Langford, plaintiff in error, covering blocks seven and fifteen inclusive in what was described as Gee and Jones subdivision of the west half of the southwest quarter of sec. 4, twp. 12 N. rge. 2 W., to secure a loan of $600. On, default made by the mortgagor the mortgagee filed suit to foreclose the mortgage on the property described in the mortgage; and I. N. Phillips, who at the time of the foreclosure suit was the owner of the four acres "in square form" in the southwest corner of the west half of the southwest quarter of sec. 4, twp. 12 N., rge. 2 W. was made a party defendant. I. N. Phillips filed answer disclaiming any interest in the Gee and Jones subdivision in the west half of the southwest quarter, and judgment was entered for the plaintiff in the foreclosure suit for the debt and for foreclosure of the mortgage. This judgment was entered and journal entry of judgment filed on the 20th of May, 1913. In due course sale was had as per judgment foreclosing the mortgage. and at the sale the mortgagee, Martha E. Langford, the plaintiff in error, bid off and purchased the mortgaged property, and the sale was confirmed. In making the mortgage and in the journal entry of judgment, and in the sale and order of confirmation of the sale, block 15 in Gee and Jones subdivision was included; and block 15 as shown in the plat was part of the four acres "in square form."

On the 22nd of September, 1919, the plaintiff in error, Martha E. Langford, as plaintiff in the court below, commenced the present action by filing her petition in the district court of Oklahoma county. By her suit she seeks to recover possession, rents, and profits. and to quiet title to what was described in the plat of Gee and Jones subdivision as block 15. I. N. Phillips and others, his grantees and successors to the title, were made parties defendant. The plaintiff deraigns her title to said block 15 through the mortgage of Bird Gee and wife

to plaintiff Martha E. Langford, her foreclosure suit, the disclaimer of I. N. Phillips, and the judgment of foreclosure and sale of the property under foreclosure, and confirmation of sale, and the sheriff's deed following the confirmation.

I. N. Phillips answered alleging that defendant's land described as four acres in square form was included in the plat of Gee and Jones subdivision by mistake of the parties making the survey and having the platting done; and that it should not have been included in the survey; and the parties had no authority to include it in the survey as they had no right, title, or interest in the property described as the four acres "in square form"; that the part of the land described as block 15 of Gee and Jones subdivision was included in the mortgage given by Bird Gee and wife to plaintiff Martha E. Langford by mutual mistake, when in truth and in fact it was not a part of the Gee and Jones subdivision, and the mortgagors had no right, title, or interest in the said property. He further answered that at the time he filed the disclaimer in the mortgage foreclosure case he did not know that by inadvertence and by mutual mistake of fact his property had been included in the mortgage, and that the plaintiff in the mortgage foreclosure case was claiming that a lien had been created upon his property or that plaintiff was claiming any rights in his property, described as four acres in square form; and by cross-petition sought to cancel the instruments under which the plaintiff claimed in so far as they included the property of the defendants described as "four acres in square form," and to quiet title against plaintiff, Martha E. Langford.

The case was tried to the court after a jury trial waived by the parties, on the 10th of October, 1922. The court entered judgment finding that the defendant I. N. Phillips and his successors are the owners of the fee simple title in and to the "four acres in square form," and in the actual possession thereof; and that Martha E. Langford has no right, title, or interest in such tract of land; and canceled the instruments under which the plaintiff, Martha E. Langford, claimed in so far as they affected any part of the four acre tract; and quieted title to the four acres in I. N. Phillips and his successor to the title, and perpetually barred and enjoined the plaintiff and all parties claiming by, through, or under her from setting up any claim to the title to the four acre tract. The plaintiff excepted to the judgment and in apt time filed motion for a new trial, which was overruled, and the case was brought here on appeal.

The plaintiff in error assigns many errors; but they are reduced to the contention that I. N. Phillips and those claiming under him are estopped from claiming title to the four acres in square form in the southwest corner of the west half of the southwest quarter of 4-12-2 by reason of I. N. Phillips having filed a disclaimer in plaintiff's foreclosure suit wherein she sought to foreclose the mortgage which included the four acres, or a part thereof, described in the mortgage as block 15.

It nowhere appears in the record that at the time the 76 acres in the west half of the southwest quarter was platted that I. N. Phillips or those under whom he claims had any interest or claimed any interest in the 76 acres; and it does not appear that they were in any way concerned in platting out the 76 acres into what was called the Gee and Jones subdivision; nor does it appear that the owners of the 76 acres claimed any right, title, or interest in the Phillips four acres "in square form" in the southwest corner of the tract. The plaintiff in error contends that Phillips took notice of the plat when it was placed of record. But even so, Was the plat any greater or stronger notice to Phillips that his land was included in the plat than Phillips' actual physical possession of the four acres was to the plaintiff, Martha E. Langford, when she took her mortgage from Gee and his wife? The deeds under which Phillips and his grantor held were of record the same as the plat, and in addition to the record of the deeds the owners of the four acres were in the actual, physical possession thereof at the time the mortgage was taken, as appears from the evidence. At the time the foreclosure suit was filed, Phillips was holding under conveyance which described his land as "four acres in square form" in the southwest corner of the tract. The property covered by the mortgage, and referred to in the foreclosure petition, was described as certain blocks in the Gee and Jones subdivision in the west half of the southwest quarter. Phillips claimed no rights or interest in any part of the property rightfully included in the Gee and Jones subdivision; and he knew that no claim had been made by the owners of the land in the Gee and Jones subdivision that they had any right, title, or interest in his four acre tract. There is no question but that Phillips was misled, and the court was authorized by the record presented to find that Phillips was misled into filing the disclaimer. It is inconceivable that if the mortgage and the foreclosure petition had described Phillips' land as "four acres in square form" in the southwest corner of

the tract, that he would have come in and disclaimed. But, when the description was given as certain blocks in the Gee and Jones subdivision, Phillips knew that he had no interest in the Gee and Jones subdivision and said so by his disclaimer. The evidence shows conclusively that at the time the Gee and Jones subdivision was platted, and at the time the mortgage was given and foreclosed by the judgment and sheriff's sale and the confirmation of sale and sheriff's deed issued, the grantors of Phillips before him, Phillips himself, and his successors to the title were in the actual possession of the four acre tract by one or another of them living thereon and cultivating the land in uninterrupted succession, and the plaintiff in the forecloure case and in the case here, Martha E. Langford, had record notice that they were claiming fee simple title thereto. Could Martha E. Langford, by any stretch of the imagination, reach the conclusion that Phillips, by his disclaimer, intended to abandon possession, abandon an undisputed title, and give her his valuable property, when she was bound to know as well as was Phillips, that she had no right, title, or interest therein? We cannot conclude that Phillips had any such intention; nor can we conclude that Mrs. Langford could guess that Phillips intended to abandon his rights and give her the property. We think that the learned trial judge was amply justified in, and entirely correct in his conclusion that Phillips was misled into believing that he was not interested in the property involved in the foreclosure suit. If Phillips was misled by the description in the mortgage and in the foreclosure petition, into filing a disclaimer, as is perfectly evident that he was, should he lose his four acres of land? Should he be held to be estopped to set up his title to the four acres in answer to plaintiff's petition in ejectment? We think not. It has never been held by any court so far as we are advised, that a party holding fee simple title and actual possession of property can be ousted of possession and precluded from setting up his rights, by estoppel when the act on which the claim of estoppel is based grew out of a mistake of fact. No such case has been pointed out to us; and we are certain that no court has ever declared such to be the law. The evidence further conclusively shows that Phillips, and those claiming under him, had continuous and uninterrupted possession of the four acres of land at all times referred to, and they were in such possession at the time of the trial; and that the plaintiff was never in possession of the four acres.

The plaintiff in error, plaintiff below, cites cases which she insists support her contention that Phillips and his successors to the title to the four acres are estopped by reason of Phillips' disclaimer filed in the mortgage foreclosure case. We have examined these cases and have concluded that they do not support the contention made. The authorities cited would have application and be in point, perhaps, if I. N. Phillips had answered in the foreclosure suit and there set up his rights in and to the four acres of land; and had contested the right of the plaintiff to foreclose against his four acres; and a judgment of the court had been against him and had become final; but such was not the case.

It has been repeatedly held by this court that the plaintiff in a suit for possession of real estate in the nature of an action in ejectment must recover, if at all, upon the strength of his own title. Ramsey v. Kennedy, 86 Ok'a. 306, 206 Pac. 209; Page v. Adkins, 86 Okla. 290, 208 Pac. 807; McMasters v. Gross, 88 Okla. 115, 212 Pac. 304.

In this case the sole claim of title by plaintiff to the Phillips four acres grew out of the Phillips' disclaimer filed in the foreclosure case. I. N. Phillips alleged that he was misled by the description in the mortgage and in the foreclosure petition into thinking that he was not concerned in the foreclosure suit; and the court so found; and his finding is amply supported by the record presented. No other conclusion could be reached by an examination of the record here presented for review.

It has long been held and is now well recognized that a court of equity, in a proper case, will relieve against a mistake of fact. Montgomery v. Charleston, 99 Fed. 825; Ruffner v. McConnel, 17 Ill. 212, 63 Am. Dec. 362; Emerson v. Navarro, 31 Tex. 334, 98 Am. Dec. 534; Ross v. Armstrong, 26 Tex. Supp. 354; Noble v. Bullis, 23 Iowa, 559, 92 Am. Dec. 442; Read v. Cramer, 2 N. J. Eq. 277.

The court found against the plaintiff's claim to right of possession to the Phillips four acres of land; and found that I. N. Phillips and his privies are the rightful owners and in possession of the four acres of land in controversy, and rendered judgment accordingly, and canceled and set aside the order of sale, the order of confirmation, the sale, and the sheriff's deed in so far as they affected the four acres of land involved in this action, and quieted title to the four acres in Phillips and those holding under him.

Something is said in the brief of plaintiff in error with reference to the descrip-

tion of the Phillips four acres of land. The land was described as "four acres in square form" in the southwest corner of the 80 acres of land. We think the description is sufficiently definite. This language could hardly mean anything else than that the Phillips land lies in a square in the corner of the tract. Besides that, the mere fact that plaintiff was furnishing a better description of the property than was Phillips would not be sufficient to divest Phillips of his title to the four acres in the proceeding brought by the plaintiff.

We have examined the entire record and concluded that the judgment of the trial court is correct; and therefore recommend that it be affirmed.

By the Court: It is so ordered.