### COGHILL v. HILL et al.

No. 12518—Opinion Filed Feb. 17, 1925.

### Frauds, Statute Of—Specific Performance of Oral Contract to Sell Land—When Awarded.

An oral contract for the purchase of real estate, when payment of the purchase price has been made and the vendee goes into possession in good faith and makes valuable improvements thereon, takes the contract out of the statute of frauds, and is such part performance as to warrant a court in decreeing specific performance.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garvin County: W. L. Eagleton, Judge.

Action by E. J. Coghill against Oscar Hill et al. Judgment for defendants. Plaintiff appeals. Affirmed.

Geo. L. Hill, for plaintiff in error.

Bowling & Farmer, for defendants in error.

Opinion by ESTES, C. Plaintiff, a widow, residing in McAlester, through her agent at Lindsay, by oral contract, sold her house and lots in the latter town to defendants, trustees for the Methodist church, as a parsonage for their circuit rider. The purchase money was placed in a bank at Lindsay, pending the supplying of a missing link in the chain of title. Plaintiff, joined by her sons, being all the heirs of her husband, deceased, record owner, executed to the trustees and delivered to her agent a warranty deed so conveying the property. The deed was deposited in a bank by the agent to be delivered to the trustees on perfection of title. Defendants took possession of the property, made considerable improvements thereon, and occupied the same by their minister. It required several years to perfect the title, during which time plaintiff wrote numerous letters to her agent ratifying and confirming the oral agreement of sale and all other things done, and making the bank, in effect, her agent for receipt of the money. After the defect of title had been supplied by the joint efforts of plaintiff, her agent, and the defendants—seemingly (as indicated by plaintiff's testimony) because of advance in the value of the property—she undertook to repudiate the sale and accused her agent of favoring the church trustees in some way to her disadvantage. Thereupon her offended agent caused the deed to be returned to plaintiff without the knowledge or consent of defendants. Plaintiff then brought this action in the justice of the peace court. Defendants having cross-petitioned against plaintiff for specific performance, and title to real estate being involved, the cause was properly removed to the district court, where judgment was rendered for defendants according to their prayer.

Her only ground for reversal here is that the contract for the sale made so as aforesaid by her agent was within the statute of frauds. section 5043, Comp. Stat. 1921. providing that an agreement for the sale of real property, if made by an agent, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged. Her case is ruled by McMaster v. Goss, 88 Okla. 115, 212 Pac. 304, holding that an oral contract for the purchase of real estate, where payment of the purchase price has been made, and the vendee goes into possession in good faith and makes valuable improvements thereon, takes the contract out of the statute of frauds, and is such a part performance as to warrant a court in decreeing specific performance. In addition thereto, it seems that the letters passing between the parties are sufficient for such purpose, although it is unnecessary to consider same.

Let the judgment be affirmed.

By the Court: It is so ordered.