2009 OK CIV APP 54

**John H. HINDS and Rosa Lee Hinds, Plaintiffs/Appellees/Counter–Appellants,**

v.

**Marshall JOHNSTON, Jr., and Estate of Flora Johnston, Deceased, Defendants/Appellants/Counter–Appellees.**

**No. 105,412.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 16, 2009.

---

William L. Hickman, Hickman & Hickman, Tulsa, OK, for Plaintiffs/Appellees/Counter–Appellants.

Stephan S. Mathis, Thomas D. Hird, James W. Connor, Jr., Richards & Connor, Tulsa, Oklahoma, for Defendant/Appellant/Counter–Appellee, Marshall Johnston, Jr.

BAY MITCHELL, Chief Judge.

¶1 Appellants Marshall Johnston, Jr., and Estate of Flora Johnston,[1] (Johnston) appeal from the trial court's Journal Entry of Judgment, which quieted title in certain real property upon the determination that the Defendants/Appellees John H. Hinds and Rosa Lee Hinds (Hinds) had satisfied the payment terms of a mortgage on the property and were therefore entitled to release of the mortgage pursuant to 46 O.S.2001 § 15.[2] Hinds counter-appeals the trial court's determination that the statutory penalty (for Johnston's failure to timely release the mortgage) against Johnston is waived.

¶2 The dispute arises out of a home loan agreement between an uncle (Marshall Johnston) and his nephew (John H. Hinds),

wherein Johnston agreed to loan Hinds $70,000 at ten and one-half percent (10.5%) interest per annum to purchase a home in Tulsa, with monthly payments to be made on a fifteen (15) year term. Johnston provided the funds to Hinds and the closing on the Hinds home occurred on April 1, 1990. Although the record discloses no promissory note evidencing the parties' agreement,[3] a mortgage, executed by Hinds in November 1990, was filed of record in July 1994.[4] Hinds made no payments on the loan until July 1, 1990. Monthly payments continued thereafter until Hinds' last payment in the summer of 2005, at which time Hinds requested Johnston's release of the mortgage. Johnston failed to release the mortgage on the basis that the loan had not been paid in full. Hinds filed suit to compel the release, seeking liquidated damages for Johnston's refusal to release the mortgage. Johnston counter-sued claiming Hinds owed him approximately $6,000 in interest on the loan for the months of April, May and June of 1990.

¶3 The central issue on appeal is whether the parties agreed that Hinds would pay interest for the months of April, May and June of 1990.[5] While this appears to be

---

1. The trial court appointed Marshall Johnston, Jr., as Guardian Ad Litem for the Estate of Flora Johnston upon the Plaintiffs' request.

2. § 15. Holder must release-Penalty-Mortgagor defined
   A. Any mortgage on real estate shall be released by the holder of any such mortgage within fifty (50) days of the payment of the debt secured by the mortgage and the holder of the mortgage shall file the release of the mortgage with the county clerk where the mortgage is recorded. If, at the end of the fifty-day period, the holder has failed to release the mortgage, the mortgagor may at any time request in writing the holder of the mortgage to release the mortgage and the holder of the mortgage shall have ten (10) days from the date of the request to release such mortgage. If the holder of the mortgage fails to release the mortgage by the end of such ten-day period, he shall then forfeit and pay to the mortgagor a penalty of one percent (1%) of the principal debt not to exceed One Hundred Dollars ($100.00) per day each day the release is not recorded after the ten-day period has expired and the penalty shall be recovered in a civil action in any court having jurisdiction thereof, but the request for the release shall be in writing and describe the mortgage and premises with reasonable certainty. Provided that,

the total penalty shall not exceed one hundred percent (100%) of the total principal debt.
   B. For purposes of this section, "mortgagor" shall include any subsequent purchaser of the mortgaged real estate.

3. While there is conflicting evidence in the record as to the existence of a note, the parties testified at trial that their loan agreement was oral.

4. Although Johnston did not execute the mortgage, he filed it. When questioned about the reason for the delay in the time of filing, he testified, "we had a breach in our relationship, my trust in them ceased." Tr. at 37.

5. Johnston additionally argues that the trial court's determination violates 15 O.S. § 263, which provides "[w]henever a loan of money is made, it is presumed to be made upon interest, unless it is otherwise expressly stipulated at the time in writing." In essence, Johnston argues that this statute operates to presumptively render interest due and owing from the moment the loan funds were dispersed rather than from the time of Hinds' first payment on July 1, 1990. The record reflects Hinds' agreement to pay and actual payment of interest, but his understanding of the agreement was that such payments would

a straightforward issue, the case has some procedural and appellate history. Initially, the trial court denied Hinds' motion for summary judgment and entered an order granting summary judgment in favor of Johnston, awarding him $1,837.50. Both parties appealed from that judgment and another division of this Court affirmed in part, reversed in part and remanded for trial on the merits.[6] Specifically, in that appellate opinion, this Court held "there exists genuine issues of material facts regarding whether [Hinds] satisfied the terms of their mortgage and whether [the Hinds] owe interest on their loan for the months of April, May and June of 1990."[7]

¶4 Upon remand, after non-jury trial,[8] the trial court determined there was insufficient evidence to establish any agreement by the parties that Hinds would pay interest for any months prior to July 1, 1990. Upon a determination that Johnston's failure to release the mortgage was based upon a good faith belief that he had substantial grounds for contesting the fact of payment, the trial court, citing *American Nat'l Bank v. Jorden*, 1926 OK 509, 254 P. 706, refrained from imposing statutory penalties against Johnston for his refusal to release the mortgage.

¶5 "In a jury-waived trial, this Court must accord the judgment the same conclusive effect as if it were based upon a jury verdict. If there is any competent evidence which will support the judgment below, it must be affirmed." *United Engines, Inc. v. McConnell Constr., Inc.*, 1980 OK 139, ¶4, 641 P.2d 1101, 1102. We do not "reweigh a trial court's finding of evidentiary fact, so long as supported by competent evidence in the record." *Magnolia Pipe Line Co. v. Cowen*, 1970 OK 223, ¶6, 477 P.2d 848, 850. "The credibility of the various witnesses and weight and value to be given to their testimony is for the jury or for the trial court on waiver of a jury, and conclusions there reached will not be disturbed on appeal, unless appearing clearly to be based upon caprice or to be without foundation." *Livingston v. Bonham*, 1957 OK 52, ¶13, 308 P.2d 657, 661.[9]

¶6 A review of the record, including the trial court's Journal Entry of Judgment, which contains detailed findings of fact and conclusions of law, reveals that competent evidence exists supporting the trial court's determination that Johnston failed to sufficiently substantiate his assertion that additional interest remained due for the months preceding July 1, 1990. The parties' loan

not commence until July 1, 1990, as evidenced by the terms of the mortgage. The point of contention surrounds whether the parties agreed that payments-including interest would begin on July 1, 1990. The mortgage and amortization schedules in the record constitute documentary evidence supportive of Hinds' position that the parties agreed that payments would commence July 1, 1990. Further, although Johnston denies he agreed to a July 1, 1990 payment commencement, he testified he never communicated to Hinds that his payments were in arrears. Given the fact it is undisputed Hinds paid interest, initially at the 10.5% rate represented in the mortgage, with periodic reductions to same thereafter as reflected in the parties' amortization schedules, it is clear the parties' agreement included interest. In that the law does not operate to presume interest under the circumstances where the parties to a loan agreement have agreed to same, the statutory presumption of interest rate is inapplicable on the facts of this case.

6. This was an unpublished opinion of the Court of Civil Appeals, Division I, filed on May 18, 2007, in Case. No. 104,180.

7. Additionally, this Court held "the trial court properly overruled [Hinds'] motion for summary judgment and erroneously granted Johnston's motion for summary judgment." Johnston argues in the instant appeal that on remand, the trial court failed to "effectively address" controversies articulated in the Court's opinion in #104,180. This argument is without merit. The trial court correctly addressed all issues set forth in the Court's opinion in the prior appeal, specifically those pertinent to whether interest was due for the months of April, May and June of 1990 or whether Hinds had completed all payments in satisfaction of the mortgage terms.

8. The trial court docket reflects that both parties waived their right to trial by jury.

9. Given the trial court's determination that title to the property be quieted in the Hinds free and clear of any claims of Johnston, we are also guided by the standard of review applicable to quiet title actions. In quiet title actions, the appellate court will not disturb the findings of the trial court unless against the clear weight of the evidence. *Olsen v. Jones*, 1966 OK 48, 412 P.2d 162.

agreement here was oral, and the evidence, including the parties' testimony at trial, reveal conflict on a number of facts as well as circumstances surrounding the agreement.[10] Essentially, because documentary evidence of an agreement requiring interest payments in the months preceding July 1, 1990, was either lacking or insufficient, the trial court was tasked with deciding the issue based on the various witnesses' testimony and a determination of their credibility.

■ ¶ 7 In view of the detailed findings and conclusions, it is clear that the trial court based its determination upon careful consideration of the evidence before it. Although the record may very well support a conclusion opposite that reached by the trial court, we will not reverse merely on that basis. *See Stovall v. Liberty Plan of America, Inc.,* 1966 OK 83, 414 P.2d 242. Further, "the trial court's findings are to be given the same force and effect as the verdict of a properly instructed jury." *Livingston,* 1957 OK 52, ¶ 13, 308 P.2d at 661. The decision of the trial court that there was insufficient evidence to establish any agreement by the parties as to the payment of interest for any months prior to July 1, 1990, is certainly supported by the evidence. Accordingly, there was no error in determining the terms of the mortgage regarding payment have been fulfilled with no additional interest being owed.

■ ¶ 8 Hinds counter-appeals on the singular basis that the trial court erred in its failure to impose statutory penalties against Johnston pursuant to 46 O.S. § 15 in the sum of $70,000 for his refusal to release the mort-

gage. Hinds cites *Nay v. First Financial Bank,* 2003 OK CIV APP 91, 79 P.3d 1124, in an attempt to support the proposition that a mortgage holder should be held strictly liable for any violation of § 15. Not only does *Nay* not support this proposition, but Hinds ignores longstanding Oklahoma Supreme Court precedent that a mortgagee's refusal to release a mortgage upon good faith belief of substantial grounds to contest the fact of full payment is not subject to the statutory penalty. *See American Nat'l Bank v. Jorden,* 1926 OK 509, 254 P. 706; *Smith v. Colson,* 1912 OK 216, 123 P. 149. In fact, Hinds fails to address the issue of whether Johnston's refusal to release the mortgage was premised upon a good faith basis. We refrain from disturbing the trial court's determination regarding Johnston's good faith grounds to contest the fact of payment. The trial court, as the fact-finder, was in the best position to determine whether Johnston had good faith belief of substantial grounds to contest the fact of payment underlying his failure to release the mortgage within the statutory time limits. No error is shown and the trial court's waiver of the statutory penalties against Johnston is therefore, affirmed.[11]

¶ 9 AFFIRMED.

HANSEN, P.J., and JOPLIN, J., concur.

---

10. For example, while Hinds asserts the parties agreed that the first payment would be due July 1, 1990, Johnston argues that the July 1, 1990 payment was three months delinquent. Although the mortgage reflects a payment start date of July 1, 1990, Johnston did not execute the mortgage and objects to its use as indicia of the agreement.

11. The final page of Hinds' Answer Brief includes a request for attorney fees on appeal. Title 12 O.S.2001 § 696.4 (C) permits the inclusion of an application for appeal-related attorney fees within the applicant's brief (or by separate motion). However, the statute further provides in pertinent part as follows: "If in the brief, the application shall be made in a separate portion

that is specifically identified. The application shall cite authority for awarding attorney fees but shall not include evidentiary material concerning their amount." *See also* Okla. Sup.Ct. Rule 1.14(b) (containing identical requirements of separate and specific identification of the motion for appeal-related attorney fees and further requires that "[t]he motion must state the statutory and decisional authority allowing the fees."). Hinds failed to comply with the statutory and rule requirements in that he failed to make his application in a separate portion with specific identification as to the request. Further, and more importantly, Hinds fails to cite any authority in support of his application for attor-

ney fees. Hinds' request for appeal-related attorney fees is therefore denied.