HARTLESS v. CLINE
2023 OK CIV APP 30
Case Number: 120300
Decided: 08/29/2023
Mandate Issued: 09/21/2023
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2023 OK CIV APP 30, __ P.3d __

 

VALERIE HARTLESS, an individual, Plaintiff/Appellant,
v.
VIVIAN CLINE, an individual, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, OKLAHOMA

HONORABLE MICHAEL TUPPER, TRIAL JUDGE

AFFIRMED IN PART, REVERSED AND REMANDED WITH INSTRUCTIONS

Joshua S. Turner, TTSB LAW, Norman, Oklahoma, for Plaintiff/Appellant

Julia C. Rieman, Samantha M. Jones, GUNGOLL, JACKSON, BOX & DEVOLL, P.C., Enid, Oklahoma, and
Debra D. Loeffelholz, DEBRA D. LOEFFELHOLZ, P.C., Norman, Oklahoma, for Defendant/Appellee

STACIE L. HIXON, JUDGE:

¶1 Plaintiff Valerie Hartless appeals the denial of a Motion for New Trial, following judgment in favor of Defendant Vivian Cline on Hartless' claim for breach of a contract for deed and action to quiet title to real property, and quieting title in favor of Cline. Hartless paid $15,044 of the $18,000 due under the contract for deed. She claimed that Cline had refused to accept the remaining $2,956 owed on the property and sued for breach of contract and to quiet title to the property in her favor. Cline counterclaimed, asserting that Hartless failed to make the remaining payments under the contract and that Cline was entitled to retain all sums paid by Hartless as liquidated damages under the contract. The trial court determined the contract for deed was a constructive mortgage that was unenforceable because only Cline had signed that agreement. The court granted judgment in favor of Cline on Hartless' claim for breach of contract, quieted title in Cline and allowed Cline to retain the $15,044 as liquidated damages.

¶2 Hartless moved for new trial, asserting that the trial court had erred in determining the contract for deed was unenforceable; by allowing Cline to retain her payments on the property as liquidated damages; and by refusing to allow Hartless to redeem the property. We find the trial court erred as a matter of law in its determination that the contract for deed was unenforceable by Hartless, and therefore abused its discretion in denying Hartless' Motion for New Trial. We affirm the trial court's judgment in Cline's favor on Hartless' breach of contract claim. We reverse the judgment entered in favor of Cline on her claims for breach of contract and quiet title and on Hartless' claim for quiet title and remand with instructions to the trial court to allow Hartless an opportunity to redeem.

BACKGROUND

¶3 Cline and her husband, now deceased, owned ten acres of property in Slaughterville. Cline reached an agreement with her daughter, Hartless, to purchase 2.5 acres of that property.

¶4 In February 2012, Cline applied to the City of Slaughterville for a variance from the City's zoning regulations to allow an additional residence per ten-acre lot due to a family member's health, which was granted.

¶5 Between 2011 and 2017, Hartless and her children did not live full-time on the property. Over time, Hartless purchased a manufactured home and placed it on the property and made improvements, such as electrical work and installing a septic system. She began living on the property full time in 2017. Hartless ceased making payments in September 2017, with a balance of $2,956 remaining to pay the full $18,000 purchase price.

¶6 In May 2019, Hartless filed the Contract in the records of the Cleveland County Clerk. She filed the underlying action for breach of contract and quiet title in October 2020, alleging that Cline had refused to accept her payments on the property beginning in September 2017, and that she stood ready to pay the remaining balance. She asserted that she had performed her duties under the Contract and was entitled to a warranty deed to the property.

¶7 Cline counterclaimed, alleging that no contract was ever made because Hartless had not signed the Contract. Cline alternatively asserted a claim for breach of contract and quiet title, asserting Hartless defaulted under the agreement.

¶8 The trial court conducted a non-jury trial on December 22, 2021. Much of the foregoing was undisputed at trial, with two key exceptions. Cline denied she had refused Hartless' payments and testified Hartless simply stopped paying in 2017. Cline also initially testified that the written agreement was merely an offer Hartless never signed. However, she ultimately acknowledged that Hartless had accepted the offer, but had simply refused to continue making payments. She did not deny receiving the $15,044 but argued at trial she was entitled to retain the entirety of that sum as liquidated damages pursuant to terms of the Contract she simultaneously contended was not enforceable or did not exist.

¶9 The trial court determined that the Contract was unenforceable because it was to be treated as a mortgage pursuant to 16 O.S.2021, § 11A16 O.S.2021, § 4

¶10 Thereafter, Hartless timely moved for new trial, asserting the trial court had erred by finding the Contract unenforceable, by refusing her right to redeem the property, and by granting liquidated damages to Cline in violation of public policy and pursuant to a contract the court had also deemed unenforceable. She did not seek new trial on the trial court's judgment on her own breach of contract claim in favor of Cline. The trial court denied Hartless' motion.

¶11 Hartless appeals.

STANDARD OF REVIEW

¶12 "In a non-jury trial the trial judge acts as the trier of fact and those findings are entitled to the same weight and consideration that would be given to a jury's verdict." Hagen v. Independent Sch. Dist. No. I-004, 2007 OK 19157 P.3d 738Id. Credibility of witnesses and the weight to be given their testimony are questions of fact resolved by the trial court, as trier of fact. Robert L. Wheeler, Inc. v. Scott, 1991 OK 95818 P.2d 475de novo. Hall v. Galmor, 2018 OK 59427 P.3d 1052

¶13 A quiet title action is one of equitable cognizance. Olsen v. Jones, 1966 OK 48412 P.2d 162Hinds v. Johnston, 2009 OK CIV APP 54211 P.3d 236

¶14 The Court reviews an order denying a motion for new trial for an abuse of discretion. Grisham v. City of Okla. City, 2017 OK 69404 P.3d 843Id. However, "[a]pplication of the appellate abuse-of-discretion standard for reviewing a motion for new trial uses a de novo review when examining the correctness of an alleged erroneous conclusion of law." Independent Sch. Dist. # 52 of Oklahoma Cty. v. Hofmeister, 2020 OK 56473 P.3d 475

ANALYSIS

¶15 Hartless contends the trial court erred by applying 16 O.S.2021, § 442 O.S.2021, § 1816 O.S.2021, § 11A

¶16 We first consider whether the parties entered into an enforceable contract. Neither party appears to contest that the purported contract is a contract for deed. Title 16 O.S.2021, § 11A

All contracts for deed for purchase and sale of real property made for the purpose or with the intention of receiving the payment of money and made for the purpose of establishing an immediate and continuing right of possession of the described real property, whether such instruments be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall to that extent be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages. No foreclosure shall be initiated, nor shall the court allow such proceedings, unless the documents have been filed of record in the county clerk's office, and mortgage tax paid thereon, in the amount required for regular mortgage transactions. Provided, however, mutual help and occupancy agreements executed by an Indian housing authority created pursuant to Section 1057 of Title 63 of the Oklahoma Statutes shall not be considered to be mortgages or contracts for deed under the provisions of this section.

(emphasis added). When a contract for deed is properly executed, equitable title to the real property passes to the buyer, while the seller retains bare legal title and an interest equivalent to a mortgage which guarantees payment of remaining sums under the contract. See e.g. McGinnity v. Kirk, 2015 OK 73362 P.3d 186Resolution Trust Corp. v. Sudderth, 1993 OK CIV APP 53854 P.2d 375

¶17 The crux of this dispute is that Cline contended the Contract was not executed by Hartless and was thus unenforceable. The trial court agreed. Whether the Contract must be executed by Hartless to be enforceable is a question of law which we review de novo.

¶18 Cline relied on 16 O.S.2021, § 4

A. No deed, mortgage, or conveyance of real estate or any interest in real estate, other than a lease for a period not to exceed one (1) year, shall be valid unless in writing and subscribed by the grantors. . . .

(emphasis added). Cline reasoned that, if the Contract is a mortgage, it is unenforceable because Hartless, the grantor of the mortgage, had not executed it.

¶19 In contrast, Hartless reasoned that the Contract comprises two agreements--a contract for sale of property and a mortgage agreement. While Hartless concedes the written mortgage on the property would not be valid because she did not sign it, she contends that the contract for sale of property by contract for deed is valid because Cline, as the grantor or seller, signed it. She then contends that a mortgage arises therefrom by operation of law under 16 O.S.2021, §11A

¶20 Hartless' argument is more persuasive. Though section 11A establishes a constructive mortgage in the case of a contract for deed and requires it to be treated so, it does not require that the contract for deed contain language pertaining to or granting a mortgage, which must in turn be executed to be enforceable. Cline cites no Oklahoma Supreme Court authority holding that section 4 applies to a contract for deed in the manner suggested, i.e., to negate a contract for sale of the property because the purchaser who will be deemed to have granted the constructive mortgage through that agreement has not executed it.

¶21 Meanwhile, a written contract for the sale of real property must be subscribed by the "party to be charged," i.e., the party against whom the contract is sought to be enforced. See e.g. 15 O.S. 2011, § 136;Aikman v. Evans, 1937 OK 51372 P.2d 479

¶22 Thus, the trial court erred as a matter of law in determining that there was no valid or enforceable contract for lack of Hartless' signature. Given that we have found that, as a matter of law, the Contract was an enforceable contract for purchase of property giving rise to a constructive mortgage, we consider Hartless' arguments that the trial court should have granted judgment in her favor, as well as her arguments that the trial court erred by granting Cline liquidated damages and quieting title to the property in favor of Cline.

¶23 The trial court is the finder of fact. We defer to its determination that Hartless defaulted under the Contract. However, we nevertheless find the trial court erred as a matter of law in granting Cline judgment on the parties' remaining claims, and abused its discretion in denying Hartless a new trial and allowing her the opportunity to redeem the property.

¶24 As stated above, the Contract was enforceable, and gave rise to a constructive mortgage. Title 16 O.S. § 11A provides that a contract for deed is to be treated as a mortgage and is subject to the same rules of foreclosure as a traditional mortgage. The Contract passed equitable title to Hartless, leaving Cline with an interest "equivalent to a mortgage for the purpose of guaranteeing payment due under the contract." McGinnity, 2015 OK 73. See also Lucas v. Bishop, 1998 OK 16956 P.2d 871

¶25 Further, because the Contract is considered a mortgage, Hartless had a right to redeem the property pursuant to 42 O.S.2021, § 18. Section 18 states, "[e]very person having an interest in property, subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed." Notably, "[o]ur statute recognizes and confers a right to redeem as inherent in every mortgage." Coursey v. Fairchild, 1967 OK 252436 P.2d 35See Benefiel v. Boulton, 2015 OK 32350 P.3d 138

¶26 Hartless offered to pay the remaining balance upon the property at trial. Cline declined to accept it, explaining that if she accepted the money, she would have to give Hartless a deed and abstract, which she claimed she could not do.

CONCLUSION

¶27 The Contract is enforceable. It granted equitable title in the real property to Hartless and gave rise to a constructive mortgage in favor of Cline. Hartless defaulted upon her obligation under the Contract. We affirm the trial court's judgment in favor of Cline on Hartless' claim for breach of contract. However, we find the trial court abused its discretion in denying Hartless' Motion for New Trial. We reverse the remainder of the trial court's judgment on Hartless' claim for quiet title and Cline's counterclaims and remand with instructions to the trial court to allow Hartless the opportunity to redeem the property.

AFFIRMED IN PART, REVERSED AND REMANDED WITH INSTRUCTIONS.

BARNES, V.C.J., and WISEMAN, P.J., concur.

FOOTNOTES

PART of the East Half of Section 7, Township 7 North, Range 1 East the I.M. more particularly described as follows: Beginning at the Southeast corner of the SE/4 of the SE/4 of said section, thence West 165 feet, thence North 660 feet, thence East 165 feet, thence South 660 feet to the beginning point.

Except all of the oil, gas and mineral rights, none of which is conveyed.

grantor of the interest in the property, i.e., the party whose property will be subject to foreclosure upon a condition of default must have subscribed the mortgage for it to be valid. Such a provision is plainly intended to ensure agreement by the party to be charged--the grantor--and to prevent fraud. In contrast, here, Cline has employed this provision to deny any agreement, but retain nearly the entire purchase price, without opportunity to redeem or without affording Hartless any equity she may have in the property following satisfaction of the remaining debt. In other words, Cline has been entitled to selectively charge provisions of the Contract against the party who did not sign it, while simultaneously avoiding the remainder of the Contract, despite having subscribed it. It seems unlikely section 4 intended such a result.

See Cauthron v. Goodwin, 1955 OK 230287 P.2d 893see also Adams v. White, 1913 OK 609139 P. 514see also McMaster v. Goss, 1923 OK 28212 P. 304

See 15 O.S.2021, § 214 (liquidated damage provision in a contract is void, except to the extent provided by 15 O.S. 2021, § 215); 15 O.S.2021, § 215(B)("A provision in a real estate sales contract, providing for the payment of an amount which shall be presumed to be the amount of damages sustained by a breach of such contract, shall be held valid and not a penalty, when such amount does not exceed five percent (5%) of the purchase price. In the event such amount exceeds five percent (5%) of the purchase price, such provision shall be held invalid and a penalty unless the party seeking to uphold the provision establishes that such amount is reasonable. If such provision is valid under this subsection, the limitations of Section 28 of Title 23 of the Oklahoma Statutes do not apply.")

Cline made no showing that the sum was reasonable, and the trial court made no such finding. Cline did argue alternatively she was entitled to retain the $15,044 in damages as a matter of "equity," generally because she provided Hartless land to live upon and looked after Hartless' children (Cline's grandchildren). Cline offered no evidence of the value of these services, even if they had been relevant to quantifying damages Cline incurred from Hartless' delay in making payments on the property. Further, the trial court did not award damages on this basis.

See also 42 O.S.2021, § 11 ("All contracts for the forfeiture of property subject to a lien, in satisfaction of the obligation secured thereby, and all contracts in restraint of the right of redemption from a lien, are void, except in the case specified in Section 1122."). "Simply stated, the doctrine [codified by section 11] voids any provision in an original mortgage agreement limiting or modifying the right of redemption by payment of the full mortgage debt after default for any reason. . . ." Lincoln Mortg. Invs. v. Cook, 1982 OK 137659 P.2d 925