**W. D. MAGERS, Plaintiff in Error,**

v.

**BROWN–McCLURE LUMBER COMPANY, a co-partnership composed of Roy Brown, Melvin L. McClure, Royce W. Brown, Donald I. Brown, Harry Macrory, Trustee for Jean C. McClure and Harry Macrory, Trustee for Jan F. McClure, Defendants in Error.**

No. 39365.

Supreme Court of Oklahoma.

June 11, 1963.

H. A. Leatherman, Gerald S. Tebbe, Oklahoma City, for plaintiff in error.

Johnston & Johnston, Oklahoma City, for defendants in error.

JOHNSON, Justice.

The plaintiff in error, W. D. Magers, hereafter referred to as defendant, was engaged in the construction of a house. He had purchased the materials from the defendant in error, Brown-McClure Lumber Company, a co-partnership, hereafter referred to as plaintiff. Although there were originally other parties to this action, they have been dismissed, and the present controversy involves only the plaintiff and defendant.

The plaintiff filed a lien against the property involved for the amount of its bill in the sum of $4,581.45. In order to discharge such lien and that defendant might sell the property, he endeavored to comply with Section 147, Title 42 O.S.1961 by depositing with the court clerk the sum of $4,581.45 in cash and executed a purported bond in the sum of $1,000.00. This instrument designated W. D. Magers, Billy Ray Heath and Eunice Fay Heath as principals. It was signed by Magers but not by the Heaths. The purported surety on such bond was W. R. Harris. Certain real estate was listed by the surety, but there was no justification on the bond as required by Sections 61 and 62, Title 12 O.S.1961. Neither had there been any endorsement of approval by the clerk. The above deposit and bond were made on February 8, 1957.

On February 15, 1957, this action to foreclose the lien of plaintiff was begun. The petition sought judgment for $4,581.45. This was later amended to ask only $4,567.-67, a reduction of $13.78.

On June 7, 1957, Magers' attempt to discharge the lien was fully presented to the trial court on his failure to comply with the statute, the justification on the bond not having been made until February 19, 1957, four days after this suit was filed. At this hearing Magers requested permission to furnish surety for the payment of such

judgment as might be entered against him. The request was granted by the court, and the following order was entered:

"* * * Defendant, W. D. Magers, in open court requests permission to furnish surety for payment of such judgment as might be entered on the petition of plaintiff and in connection therewith requests that the funds deposited with the Clerk of this court on February 8, 1957 and the bond dated February 8, 1957 in the amount of One Thousand Dollars ($1,000.00) signed by W. D. Magers, principal, and W. R. Harris, surety, and filed with the Clerk of this court on February 8, 1957, be accepted as such surety and that the lien claim of plaintiff be transferred to said funds on deposit and bond and the real property involved in this action discharged of any lien, and the court having considered said request and being fully advised in the premises, and there being no objection made by any party hereto,

"IT IS ORDERED that the deposit of Four Thousand Five Hundred Eighty-one and 45/100 Dollars ($4,581.-45), made by W. D. Magers with the Clerk of this court on February 8, 1957, and the bond filed with the Clerk of this Court on February 8, 1957, signed by W. D. Magers, as principal and W. R. Harris, as surety, a copy of which is attached to plaintiff's petition filed herein, be and the same are hereby collectively approved as a surety bond for the payment of such judgment as might be entered in favor of plaintiff herein and the materialman's lien claim of plaintiff is hereby transferred to said bond, and the real property involved in this action is released and discharged from the materialman's lien claim of plaintiff. * * *."

At the trial of the case the plaintiff received judgment for the full amount sought in the petition as amended, to-wit: $4,-567.67 plus interest, attorneys fees and costs.

This appeal is prosecuted because of the allowance of the last three items—attorneys fees, interest and costs. It is contended that the case of Brown v. Magers, Okl., 359 P.2d 321, is controlling, and that because the plaintiff recovered some $13.00 less than the amount contained in the original lien statement that the rule therein announced is applicable.

We find it unnecessary to determine the sufficiency of the original bond in this action for the reason that on June 7th a new obligation was created by order of the court. This obligation provided for the payment of "such judgment as might be entered in favor of plaintiff herein." It should be borne in mind that at the date of this order, the petition had been amended. Secondly, the obligation was now for the payment of the judgment while the original bond was given only to secure attorneys fees, interest and costs, an entirely different instrument, one which is denominated by counsel as a "judicial bond" as distinguished from the "statutory bond" required by the lien statutes. The bond thus provided for is similar in every respect to that executed in Oklahoma City Humane Society et al. v. Ford, 207 Okl. 65, 247 P.2d 530, and we believe the rule therein established applicable here. The syllabus by the court reads:

"Where a building was erected on land not owned by the organization for which constructed, and a mechanic's and materialmen's lien was filed by the building contractor and suit brought to foreclose the same, and the trial court ordered that in lieu of the appointment of a receiver, a $10,000 bond be given by defendants for the payment of any judgment that might be rendered against them in the action, including attorneys' fees, interest, and court costs; and possession of the building was delivered to defendants, and no attempt was made to comply with Sec. 147, Title 42, O.S.1951, such bond will not be considered as having been given in compliance with such statute, and

the lienholder shall be entitled to recover interest, attorneys' fees and court costs, even though his recovery was less than the amount claimed in the lien."

The judgment of the trial court allowing attorneys fees, interest and costs was correct.

It is not necessary for the court to consider the changed or enlarged liability of the surety. Such surety is not a party to this appeal. The record is entirely silent as to his disapproval of the new bond. This question is not before the court.

Judgment affirmed.