## FIRST NATIONAL BANK OF DAVIS v. BRITTON et al.

No. 28407.   Sept. 26, 1939.

Brett & Brett and George M. Nicholson, for plaintiff in error.

Sigler & Jackson and Stephen A. George, for defendant in error E. G. Hall.

DAVISON, J.   This case involves questions relating to the sufficiency of a tender to release a mortgage lien. It is presented to us on appeal from the district court of Carter county.

On January 23, 1934, the First National Bank of Davis loaned to J. H. Britton $800, taking his note for that amount secured by a chattel mortgage on 64 head of cattle.

On or about December 21, 1934, the cattle were purchased by E. G. Hall. At the time of the sale Britton tendered to the bank Hall's check for $800, which the bank refused to accept. The sufficiency of this tender to release the mortgage lien is the principal question in this appeal. A detailed discussion of the question will be deferred until we have briefly reviewed the pleadings and examined the issues upon which the cause was tried.

Although the cause was tried in Carter county, it originated in Murray county, from which it was transferred on change of venue. It was instituted by Gus Bristol, as plaintiff, against J. H. Britton, the First National Bank of Davis, and Mrs. Pearl Myers. Bristol claimed an agister's lien on the cattle for pasturage which he asserted was superior to the mortgage lien of the bank. The bank filed its answer and cross-petition, setting up the indebtedness due it on the note, asserting its chattel mortgage lien and seeking a foreclosure thereof. Later a writ of replevin was obtained by it. E. G. Hall, the purchaser of the cattle, was made a party defendant and appeared in the litigation asserting ownership of the cattle free from the mortgage lien by reason of the tender and claiming damages against the bank for wrongfully asserting a lien on the cattle.

The cause was tried to a jury on the issues between the bank, Hall, and Britton, resulting in a verdict in favor of Hall, upon which judgment was rendered determining that the bank had lost its lien by reason of the tender, and rendering judgment for Hall in the sum of $1,282.46 on his cross-demand for damages. Personal judgment was also entered against Britton for the amount due on the note, including interest and attorneys' fees. The issues connected with the agister's lien, having been previously disposed of, were not involved on the trial and are not presented for review in this appeal.

The right of Hall to a money judgment for damages as well as to the ownership of

the cattle free from the mortgage lien depends primarily upon the sufficiency of the tender to release the lien. It is settled law that a proper and sufficient tender may operate to release a mortgage lien, and that such a release is effective even though the tender is not kept good and the tendered sum made continuously available for the payment of the debt. Smith-Wogan Hardware & Imp. Co. v. Bice, 34 Okla. 294, 125 P. 456; Thomas v. Seattle Brewing & Malting Co. et al. (Wash.) 94 P. 116; 11 C. J. 679. This general statement of law is sometimes difficult to apply because it admits of qualifications and limitations to which controlling importance must be attached.

The bank in this case urges that the tender was insufficient because it did not constitute the whole amount actually due or in good faith claimed by it to be due at the time the tender was made.

An examination of the record discloses that there is a sharp conflict in the evidence as to the amount which was due when the tender was made.

The note as originally drafted was due on July 23, 1934. It is undisputed that time of payment was extended until November 23, 1934, and that accumulated interest to that date had been paid. It is also undisputed that the tender of the amount due did not occur until subsequent to the date last above mentioned. The evidence on the part of all tends to establish that pursuant to an agreement with the bank the time of payment was extended two months and interest for the period of extension paid. This evidence supports Hall's contention that the amount tendered was the full amount due.

The bank, on the other hand, offered evidence tending to establish that the time of payment had not been extended when the tender was made, and that prior to the tender the note had been placed in the hands of an attorney for collection, thus creating an additional obligation on the note for attorneys' fees. The bank's evidence also tended to show that refusal of the tender was accompanied by the foregoing information and the refusal to accept was based upon that ground.

Counsel for Hall concede that an attorney's fee, if due on a note, is a part of the obligation and must be comprehended by the amount tendered. They recognize that the evidence is in conflict upon the point, but assert that the conflict was resolved by the jury in favor of Hall and is not now open to inquiry. They proceed upon the theory that ·if the amount unconditionally tendered was equal to the amount actually due as subsequently determined by the jury, the mortgage lien was thereby released. The same view was entertained by the trial court as reflected by the instructions given. The jury was advised in substance that if the amount tendered was equal to the amount actually due, the tender operated to release the lien.

This view of the law is erroneous. The lien is not released as a result of a tender if the creditor in good faith, even though erroneously, claims a greater amount due than is later found to be actually due and owing, where the acceptance of the lesser amount involves an admission that the amount tendered is sufficient. In Bly et al. v. Pool et al., 60 Okla. 77, 159 P. 511, we quoted with approval the following rule as stated by the Kansas court in Smith v. School Dist. No. 64, Marion County (Kan.) 131 P. 557. The said rule is as follows:

"To constitute a sufficient tender, it must be unconditional. *Where a larger sum than that tendered is in good faith claimed to be due,* the tender is ineffectual as such. if its acceptance involves the admission that no more is due." (Emphasis ours.)

A number of other authorities were cited in the Bly Case establishing the general recognition of the rule. More recently this rule was reiterated with specific allusion to ·attorneys' fees in the annotation in 93 A.. L. R. 73, where it is stated:

"And refusal by a mortgagee to accept a tender upon the ground that it does not include attorney's fees may prevent the tender from operating as a discharge of the mortgage lien when made in good faith, even though, as a matter of law, the mortgagee was not entitled to the fees."

Thus the question of whether the mortgage lien of the bank survived the tender depends on whether it in good faith believed a greater sum to be due than was tendered rather than upon whether such larger amount was actually due. There is no doubt that the bank in this case produced evidence that a greater amount was due than the sum ·tendered. If it in good faith believed what its evidence tended to show, its lien was not lost.

The bank was entitled to have its case considered and decided upon this correct theory of the law.

The cause must therefore be, and is, reversed and remanded, with directions to proceed in a manner not inconsistent with this opinion.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, GIBSON, HURST, and DANNER, JJ., concur. OSBORN, J., not participating.