**CAREY LUMBER CO. v. HETHERING- TON et al.**

Civ. No. 5399.

United States District Court
W. D. Oklahoma.

Oct. 15, 1952.

Albert D. Lynn, Oklahoma City, Okl., for plaintiff.

Person E. Woodall, Norman, Okl., for defendants.

WALLACE, District Judge.

In this case the plaintiff sued to recover a money judgment for materials furnished the defendant and used in the construction of a dwelling in Norman, Oklahoma, which the defendant, Hetherington, upon completion sold to the defendants, Gomer T. Jones and Jeanette Mary Jones. The plaintiff asserted that the total material bill and the amount to which it was entitled to be paid was the sum of $7,818.28, and that it had a materialman's lien on the property which was a first and prior lien, and it sought judgment for the amount alleged to be due, together with interest, attorney's fee, and court costs, and for establishment and foreclosure of the lien. The defendant Hetherington contended that he had an agreed price for furnishing said materials in the amount of $6,754.91.

After hearing the evidence of both parties, the court found for the defendant.

Defendant contends that he should not be assessed for interest, attorney's fee and court costs, as the amount of $6,754.91 found owing plaintiff, is the amount he has conceded he owed all along, and the amount he tendered into court.

42 Okl.Stat. 1951 § 176 provides:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a

996

reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

■ This foregoing section must be construed with 42 Okl.Stat.1951 § 147 which gives the procedure for discharging mechanics' and materialmen's liens.

To obtain this release of lien three days' written notice must be given of the intention to obtain a release by depositing in cash, with the Court Clerk where the lien claim has been filed, the total amount of the lien claim. This cash deposit must be accompanied by a good and sufficient bond conditioned to pay any judgment rendered for interest, attorney's fee and costs. Section 147 provides further:

"In any suit on such claim the sureties on such bond may be made parties defendant and judgment may be rendered in such action on the bond for whatever amount the Court may decree for a reasonable attorney's fee, costs of suit and interest, *but in the event the lien claimant does not recover judgment finally for the full amount of the cash deposited no liability shall exist upon said bond and no judgment shall be rendered thereon for any amount, and the balance of such cash deposit over and above the amount of the claim filed shall be returned by such Clerk* to the person depositing same. * * *" (Emphasis supplied.)

This statute when followed enables a defendant to obtain a release of the lien, and to avoid interest, attorney's fee and costs where he can establish that the lienholder is demanding more than he is entitled.

In Oklahoma City Humane Society v. Ford,[1] a building was erected on land not owned by the organization for which it was constructed, and a lien was filed by the building contractor. When suit was brought to foreclose, in lieu of the appointment of a receiver, a $10,000 bond was given by defendants for the payment of any judgment that might be rendered against them including attorneys' fees, interest, and court costs. Possession of the building was delivered to defendants. No attempt was made to comply with section 147. The Oklahoma Supreme Court held that, such bond would not be considered as having been given in compliance with such statute, and that the lienholder would be entitled to recover interest, attorney's fees and court costs, *even though his recovery was less than the amount claimed in the lien.*

It should be noted The Oklahoma City Humane Society case differs from the case under consideration in that the defendants in The Oklahoma City Humane Society case contended they had met the statutory provisions of section 147, where the defendant in the instant case asserts that he did not need to comply with this particular statute. He contends that he released the lien when he made a proper tender into court, under the statute pertaining to tender.[2]

■ The court in the case at bar is not required to pass upon whether a valid tender constitutes *another* way to obtain a release of a mechanics' and materialmen's lien. Here the tender by defendant was *conditional.* The court in First National Bank of Davis v. Britton,[3] in emphasizing the need of an *unconditional* tender to release a *chattel* mortgage said:

"The lien is not released as a result of a tender if the creditor in good faith, even though erroneously, claims a greater amount due than is later found to be actually due and owing, where the acceptance of the lesser amount involves an admission that the

---

1. Okl. Bar Journal, April 12, 1952, page 711 (Rehearing denied August 5, 1952; Mandate issued August 25, 1952, Okl., 247 P.2d 530.

2. 12 Okl.Stat.1951 § 309 provides: "When a tender of money is alleged in any pleading, it shall not be necessary to deposit the money in court when the pleading is filed, but it shall be sufficient if the money is deposited in court at trial, or when ordered by the court."

3. 185 Okl. 566, 94 P.2d 896, 898. See Wm. Cameron & Co. v. Campbell, 8 Cir., 141 F. 32.

amount tendered is sufficient. (Citing authorities.) * * * 'To constitute a sufficient tender, it must be unconditional. Where a larger sum than that tendered is in good faith claimed to be due, the tender is ineffectual as such if its acceptance involves the admission that no more is due.' * * *"

Thus the paying into Court of $6,754.91 by the defendant in this case could not in anyway release a lien where the plaintiff, as in the case at bar, makes a claim in *good faith* for the larger sum.

The court is of the opinion that the legislature by section 147 has set clearly the pattern to be followed to release a mechanics' and materialmen's lien. The defendant has not qualified.

Judgment herein should be in favor of the plaintiff for the sum of $6,754.91, together with interest at six percentum per annum from the 7th day of August, 1951, an attorney's fee of $500, and all costs of this action.

Counsel are directed to submit a journal entry in conformity with this opinion within ten days from this date.