H. B. DAVIDSON, Jimmie D. Gauntt and Royce G. Herndon, Plaintiffs in Error,

v.

R. L. ROGERS, Defendant in Error.

No. 42154.

Supreme Court. of Oklahoma.

June 9, 1970.

Rehearing Denied July 21, 1970.

Robinson, Robertson & Barnes, by Wallace E. Robertson, Oklahoma City, for plaintiffs in error.

Otjen, Carter & Huddleston, by Frank Carter, Enid, for defendant in error.

JACKSON, Justice.

This is an appeal upon the original record from judgment for defendant entered after defendant's motion for judgment on the pleadings was sustained, in an action of equitable cognizance. No evidence was introduced in the trial court, and only questions of law are involved.

The basic question sought to be presented is whether an alleged tender made by plaintiffs in a petition they filed may be enforced despite their dismissal of the petition with prejudice after defendant filed a pleading accepting the "tender."

Plaintiffs alleged that they, with the defendant, each owned an undivided one-fourth interest in an oil and gas lease, to which we shall refer for convenience as the Longcor lease. They alleged that the plaintiffs determined to develop this lease and that the defendant agreed to participate under conditions set out in a letter-contract attached to the petition as an exhibit. Defendant was also hired to run the casing in the well at the proper time. Plaintiffs further alleged that because of their joint ownership with defendant of the Longcor lease; because of the employer-employee relationship; and because of the confidential information defendant obtained by his participation in the drilling of a producing well on the Longcor lease, he bore a fiduciary relationship to them.

They further alleged that when the Longcor well became a producer the value of

the mineral interest in adjoining property (the Rosell lease) was greatly increased and that they undertook to obtain, for the joint benefit of plaintiffs and defendant, an oil and gas lease upon those premises. They then learned that defendant, in violation of his fiduciary relationship to them, had obtained in his own name and for his own benefit a lease upon the Rosell premises. They asked in effect that the court impress a constructive trust upon the Rosell lease in their favor to the extent of an undivided three-fourths interest therein. The petition included the following language:

> "* * * plaintiffs are ready, willing and able to reimburse defendant for three-fourths of the cost of said lease and three-fourths of the cost of development thereof *and tender such amounts herewith*" (emphasis supplied).

The petition was filed on February 3rd and summons was served the next day.

On February 7th, defendant filed an instrument captioned "Unconditional Acceptance of Tender" in which he stated that he "hereby unconditionally accepts" the tender made in the petition (quoting it as set out above). He further stated that the total cost of the lease and the development thereof was $7,237.69, of which three-fourths would be $5,427.26. He attached an executed original assignment of an undivided three-fourths interest in the Rosell lease to plaintiffs, and in the last paragraph of the pleading he prayed as follows:

> "Wherefore, defendant prays that the Court issue an Order directing the plaintiffs to pay said amount into court for the benefit of this defendant; and to receive their lease interest assignment, in accordance with their tender."

On the same day the "Unconditional Acceptance of Tender" was filed, the court issued an order to plaintiffs directing them to appear and show cause, if any they had, why they should not pay over the money demanded and receive their lease interest assignment. Instead of appearing and showing cause, plaintiffs dismissed their action with prejudice.

Thereafter defendant filed a motion for judgment on the pleadings and plaintiffs filed a reply thereto. Plaintiffs' reply contained, among other things a general denial plus allegations that a well was being drilled on the Rosell lease at the time they filed their petition, and that unknown to them, it became a dry hole shortly before defendant filed his "Unconditional Acceptance of Tender". The trial court, after hearing at which no evidence was introduced, sustained the motion and entered judgment for defendant and against plaintiffs for $5,427.26, with interest from the date of the filing of the acceptance.

At all stages of the proceedings, plaintiffs preserved an objection to the jurisdiction of the court to proceed after the filing of plaintiffs' dismissal, and this is the first question argued on appeal.

 The trial court had jurisdiction to inquire into its jurisdiction following the dismissal of plaintiffs' petition, and after the filing of defendant's motion for judgment on the pleadings had jurisdiction to determine the merits of the motion. For the reasons set out below we are of the view that the pleadings, after plaintiffs had withdrawn their demand for equitable relief, stated no cause of action against the plaintiffs and that the trial court erred in entering judgment for defendant upon defendant's motion for judgment on the pleadings.

Defendant's alleged right to stay "in court" after plaintiffs' dismissal rests upon the following sentence from 12 O.S.1961, Sec. 684:

> "* * * A plaintiff may, at any time before the trial is commenced, on payment of the costs and without any order of court, dismiss his action after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervenor or defendant to proceed with the action. * * *"

Defendant argues in effect that he was entitled to proceed with the action after plaintiffs' dismissal because he had filed an "answer praying for affirmative relief". However, if defendant was entitled to proceed with the action as he contends, he will not be entitled to affirmative relief on motion for judgment on the pleadings where the pleadings relied upon show as a matter of law that he has no cause of action. Defendant's pleading consisted merely of (1) an unconditional acceptance of the alleged tender; (2) a statement of defendant's version of the exact amount due from plaintiffs; and (3) a demand or prayer that plaintiffs be ordered to make good their tender and receive their lease interest assignment. The factual averments of plaintiffs' petition were neither expressly admitted nor denied.

Our conclusion that the pleadings stated no cause of action after plaintiffs' dismissal was filed is based upon the following reasoning: (1) plaintiffs' alleged tender was not a tender within the legal meaning of that term, but amounted to no more than an offer in their action of equitable cognizance to do equity in accordance with the maxim that "he who seeks equity must do equity"; (2) the affirmative relief which defendant demanded in the closing paragraph of his "Unconditional Acceptance of Tender" was therefore no more than a mere demand that plaintiffs do equity under the circumstances; (3) the doing of equity in accordance with the quoted maxim is a condition to the granting of relief *to the party offering to do equity* and (4) since plaintiffs' have dismissed their petition and no longer pray for equitable relief, the granting of which might have been conditioned upon their making good their alleged tender, defendant has no independent right to require them to make it good. Defendant was therefore clearly not entitled to affirmative relief.

As to (1) above, it is said that "tender" and "offer" are often used interchangeably, although the terms are not synonymous. 86 C.J.S. Tender §§ 1 and 2. Our statutes contain several references to tender or similar situations, sometimes without using that specific term. See 68 O.S.Supp.1965, Sec. 24344; 12 O.S.1961, Secs. 1101 and 1106; 46 O.S.1961, Sec. 68. In those instances where a tender is required by statute, the rights of the parties are of course determined by the statute. However, we have found no statute governing the situation now before us. The only general reference to tender in our code of civil procedure is found in 12 O.S.1961, Sec. 309, which provides that it is not necessary to pay the money tendered into court until the court orders it done. We have no statute defining the term "tender" in its general legal sense, and no case is called to our attention in which this court has defined the term, except when it is used in reference to some particular statutory provision not applicable here.

At common law, a tender of money is an unconditional offer *by a debtor or obligor* to pay another, in current coin of the realm, a sum not less than the amount then due on a *specified debt* or obligation. 52 Am.Jur.2d Tender, Sections 1 and 2. See also Harris, The Law of Tender (Butterworth and Co., London), page 11. By that definition, and under the circumstances pleaded in plaintiffs' petition, plaintiffs cannot be said to have made a tender because they did not occupy the position of a debtor or obligor, and they did not owe defendant a "specified debt". On the contrary, under their pleadings they were the defrauded victims of an unfaithful fiduciary to whom they owed no debt at all except the duty to do equity as a condition for the granting of any equitable relief they might seek.

In 27 Am.Jur.2d Equity, Sec. 131, it is said:

"It is a fundamental principle that one who seeks equity may be required to do equity with respect to the subject matter involved *before relief will be awarded* * * *. Having come into court seeking equitable relief, a complainant must offer to do equity, and will be required by the court to do equity *as a condition*

*to the granting of the remedy or relief sought. * * *"* (Emphasis supplied)

Since plaintiffs' offer was not a tender in the legal sense, but merely an offer to do equity, defendant's "Unconditional Acceptance of Tender" was at most an acceptance of an offer to do equity. Under the maxim and the rule stated in the preceding paragraph, defendant had a right to demand that the offer to do equity be kept good only as a condition to the granting of the equitable relief *sought by plaintiffs.* Since plaintiffs no longer seek equitable relief, or relief of any kind, defendant no longer has any right to require them to do equity.

This being true, it is clear that the "affirmative relief" which defendant demanded in the closing paragraph of his pleading was relief to which he was not entitled after plaintiffs dismissed their demand for equitable relief.

The judgment of the trial court is reversed with directions to vacate the judgment.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS, HODGES and McINERNEY, JJ., concur.

DAVISON, BLACKBIRD and LAVENDER, JJ., dissent.