L. A. EDWARDS, Jr., an individual, L. A. Edwards, Jr., Trustee of the Lawrence Mark Edwards Trust, L. A. Edwards, Jr., Trustee of the Sally F. Edwards Trust, Edwin L. Cox, Ralph H. Snuggs, Winnifred Ray, Robert M. Becker, J. C. Graham and Ella Graham, W. J. Hefner, Juanita Wickham, H. C. Wickham, Constance Wilkes, Leah Bass, Leland B. Bass, Adele Weiser, and Amerada Hess Corporation, a corporation, Appellees and Cross-Appellants,

v.

Charles R. LACHMAN, L. G. Bisco, C. M. Fleming, John L. Hoard and L. H. Foster, Appellants.*

No. 48883.

Supreme Court of Oklahoma.

Oct. 4, 1977.

Rehearing Denied Nov. 16, 1977.

*Editor's Note:* The opinion of the Supreme Court of Oklahoma in *Christian v. American Home Assurance Company*, published in the advance sheets at this citation (567 P.2d 73) was withdrawn from the bound volume at the request of the court.

for the trespass. *Edwards v. Lachman,* Okl., 534 P.2d 670. We remanded the case and directed district court to measure benefit defendants' oil well conferred on plaintiffs. After trial court revised judgment case was again appealed; it was assigned to Court of Appeals, Division 2. We granted certiorari to review decision of Court of Appeals.

Prior to events of this case some plaintiffs had been engaged in oil and gas exploration in Stephens County. They drilled several oil wells along a trend play or step out pattern which lay in a line generally southeast to northwest. They acquired leases covering Graham tract, the realty directly involved in this litigation. Plaintiffs, appellees, are owners and lessees of Graham tract.

Material defendants, appellants, owners and lessees of Fuqua tract, drilled Fuqua oil well on that tract. Fuqua tract is south of plaintiffs' Graham tract. Defendants' well bottomed under Graham tract and all hydrocarbons produced by defendants' well were produced from plaintiffs' tract. Defendants' well produced oil from Dornick Hills formation and Springer formation. The well began producing on September 1, 1966, and trial court found by October 31, 1966, defendants had paid reasonable drilling and completing costs.

Lee B. Thompson, Thompson, Nance, Harbour & Selph, Oklahoma City, Patrick D. Sullivan, Leach, Sullivan, Sullivan & Green, Duncan, Earl A. Brown, Jr., Anderson, Brown, Orn & Jones, Houston, Tex., for appellees and cross-appellants.

John S. Miller, Tulsa, for appellee, Amerada Hess Corp.

O. L. Peck, Jr., DeBois, Peck & Sherrill, Duncan, Leonard Bisco, Bisco, Winkler & Higgiston, New York City, Burck Bailey, Fellers, Snider, Blankenship & Bailey, Oklahoma City, for appellants.

BERRY, Justice:

This case involves determination of benefits conferred on owners by trespassing oil well. We have decided question of liability

In April 1967, defendants obtained directional survey which confirmed well bottomed under plaintiffs' tract. Defendants did not reveal encroachment and continued to produce well.

Plaintiffs drilled east of defendants' well prior to being informed of facts about Fuqua well. Plaintiffs completed McQueen No. 4 well on a tract not directly involved in this litigation. McQueen No. 4 also produced from Dornick Hills and Springer.

Plaintiffs then drilled the Graham well on Graham tract north of defendants' well, again prior to receiving information about trespass. Graham was a Dornick Hills producer, and did not descend to Springer.

In first appeal we recognized plaintiffs' well had not penetrated Springer; held it

was error for trial court to decide defendants' drilling activities conferred no benefit upon plaintiffs; and held it was error for trial court to decide plaintiffs' well was sufficient to produce all hydrocarbons from under Graham tract. We remanded cause for determination of benefit conferred upon plaintiffs by defendants, and instructed trial court to measure benefit by ". . . benefit conferred upon plaintiffs or their property, prior to April, 1967, when defendants obtained the directional survey . ." We noted drilling expenses were all incurred prior to that time. For assistance in determining what court should consider in measuring benefit we cited *Carter Oil Co. v. McCasland*, 10th Cir., 190 F.2d 887.

On remand trial court found Graham well was sufficient to drain all hydrocarbons from Dornick Hills under plaintiffs' tract and awarded defendants no credit for the cost of drilling Fuqua well from surface to Dornick Hills, at 8077 feet. Trial court found defendants benefitted plaintiffs by drilling from Dornick Hills, at 8077 feet, to bottom of Springer, at 9430 feet. Trial court found defendants' drilling from Springer, at 9430 feet, to total depth of 11,200 feet conferred no benefit upon plaintiffs.

Court of Appeals reversed and allowed defendants credit against judgment for cost of drilling from surface to producing Springer. This in effect required plaintiffs to pay for two wells into Dornick Hills [Graham well on their tract and defendants' Fuqua well to comparable depth].

Court of Appeals has misconstrued our opinion [534 P.2d 670] in its statement that ". . . Graham well has no effect upon the credit due defendants . . . (because) it did not come into existence until after defendants became willful converters . . ." Court of Appeals says our original opinion encourages that conclusion ". . . by underscoring the fact that if defendants were innocent when they drilled Fuqua, their subsequent knowledge did not transform them into bad faith trespassers ab initio . . . ."

We recognized this state of the facts in our opinion that the cause be ". . . remanded . . . to determine the extent that defendants' well and the operation thereof conferred benefits upon plaintiffs or their property, measured . . . by the benefits conferred upon plaintiffs or their property prior to April, 1967, when defendants obtained the directional survey . . ." [*Edwards v. Lachman*, supra, at 678].

*Edwards v. Lachman*, supra, is controlling. Court of Appeals has decided a question of substance in a way ". . . probably not in accord with . . ." that decision. We granted certiorari. 12 O.S.Supp. 1976, Ch. 15 App. 3, Rule 3.13A(2).

On this review there is one issue: did trial court commit reversible error in determination of benefit conferred upon plaintiffs by defendants' drilling Fuqua well?

We have thoroughly examined the record and transcripts. We conclude trial court committed reversible error on remand only as to question of tender, which we will address later.

In measuring benefit conferred by defendants' well trial court found plaintiffs were benefitted to the extent defendants' well produced from Springer. Trial court awarded defendants $51,702.00 credit against judgment, amount defendants testified it cost them to drill from Dornick Hills to Springer.

■ Defendants argue trial court stopped short of fully compensating them for benefit conferred upon plaintiffs. They argue they should have cost of drilling from Dornick Hills to original depth of their Fuqua well because they conferred benefit upon plaintiffs by further drilling.

Defendants cite *Champlin Refining Company v. Aladdin Petroleum Company*, 205 Okl. 524, 238 P.2d 827, in support of claim to credit for drilling Fuqua well to total depth. In that case there was no question of benefit conferred by trespasser upon true owner of property on which drilling occurred. In this case, as a result of our

prior decision, central question on remand was extent of benefit defendants conferred upon plaintiffs.

The law of the case, as announced in our previous opinion, is defendants are to have credit against judgment only to extent their efforts conferred benefit upon plaintiffs.

If trial court had determined drilling Fuqua well from Springer to total depth had conferred benefit upon plaintiffs Champlin would apply and defendants would be entitled to credit for their efforts. However, trial court determined drilling from Springer to total depth of Fuqua well conferred no benefit upon plaintiffs and finding is supported by the evidence. Champlin case does not apply in this fact situation.

Defendants further rationale for proposition they are entitled to cost of drilling to bottom of Fuqua well grounds on a Kentucky case [*Joyce v. Zachary*, 434 S.W.2d 659]. Defendants maintain:

".   .   . we are dealing here with the allowance of equitable *credit* against profits sought to be recovered by the true owner, and different considerations enter in. In the instant case the drilling of the dry hole served to help define the limitations of the oil field and was a common exploratory expense of development. It is our opinion that the credit should have been allowed for this expense." Ibid.

The case does not apply. The record supports trial court's finding Fuqua did not influence plaintiffs' decision to drill and drilling lower part of the well conferred no benefit upon plaintiffs which they had not realized of their own industry in drilling prior wells in the area. This case might be persuasive if facts showed and trial court found plaintiffs were able to obtain defendants' geological information below Springer.

Defendants claim it was logical and necessary to drill through Springer to Goddard Shale in order to be certain they had exploited full range of Springer; by so deepening their hole they produced information about geology of the area that would benefit plaintiffs; Fuqua was the discovery well in the area; and extended drilling was reasonable.

The facts of the case dispose of those contentions. At time plaintiffs began drilling McQueen No. 4 they had already completed wells to east and south. Uncontroverted testimony of plaintiffs' witnesses was those wells produced such information about Springer geology that they would not have drilled below Springer even if they had information produced by Fuqua well. The record shows plaintiffs were engaged in a trend play exploration scheme; as a result of scheme McQueen No. 4 was drilled penetrating both Dornick Hills and Springer; and Graham was then drilled into Dornick Hills also along the trend pattern.

Defendants make much of value of Fuqua in proving up plaintiffs' tract, but we observe it was many months after completion of plaintiffs' wells and after district court action had been commenced before discovery compelled defendants to reveal well was located under plaintiffs' tract.

Plaintiffs' evidence was they drilled on Graham tract as a natural and logical development of overall drilling plans and did not know of beneficial information available as a result of defendants' Fuqua because information was closely guarded by defendants.

The record is devoid of countervailing evidence on behalf of defendants, discounting speculation as to possibility of useful information which is not supported in fact.

From clear weight of evidence before us we cannot say trial court erred in failing to include improved knowledge of geology of the area in list of benefits defendants conferred upon plaintiffs.

■ Plaintiffs complain that defendants' well so lowered pressure of hydrocarbons under Graham tract that defendants have actually reduced amount of hydrocarbons plaintiffs will recover by an amount greater than any benefit defendants conferred on

plaintiffs. Plaintiffs have not supported contention by evidence; we cannot say trial court erred in failing to find for plaintiffs on the point.

■ Plaintiffs argue trial court's award of $51,702.00 credit for benefit conferred was excessive. Plaintiffs assert they could have completed Fuqua well from Dornick Hills to Springer for $28,653.00, or they could have deepened Graham well to a like point for $28,165.00. Trial court was faced with three indicators of measure of benefit. Two were speculative as plaintiffs had neither deepened their own well nor taken over drilling of defendants' well. One was definite and supported by evidence: actual cost of defendants' drilling from Dornick Hills to Springer. Although actual cost of drilling is not exclusively measure of benefit, we cannot say trial court's decision is against clear weight of the evidence or departs from principles of equity.

■ Trial court decided benefit of production from Springer was conferred October 31, 1966, the date defendants fully paid reasonable costs of drilling and completing Fuqua. Trial court allowed defendants interest thereon from that day until July 24, 1970, date of trial court's first judgment in this case. Interest amounted to $11,632.50.

Defendants were allowed credit of $850.00 on supersedeas bond premium, amount of premium attributable to credit against judgment trial court awarded defendants.

Neither of these measures is excessive or against clear weight of the evidence.

Defendants, after our original decision in this case was announced, tendered plaintiffs $255,375.72: $184,609.00 principal and $70,766.72 accrued interest. Payment represented the balance on the original $826,950.46 judgment as affirmed by this Court. Tender was made May 23, 1974, and accepted December 20, 1974. On remand defendants asserted they were entitled to credit for interest on amount tendered. Their position was tender of May 23, 1974, stopped accrual of interest on tendered part of judgment. District court found tender to be qualified and not effective to toll accrual of interest until accepted on December 20, 1974.

Court of Appeals reversed, held tender of May 23, 1974, unqualified, and gave defendants credit for judgment interest on tendered amount from May 23, 1974.

Defendants' letter of tender sets out conditions on tender. However, last paragraph of the letter invites plaintiffs to ignore conditions in earlier paragraphs.

■ Tender of money must be unconditional offer by one who owes to pay the one owed. *Davidson v. Rogers*, Okl., 471 P.2d 455; *First National Bank of Davis v. Britton*, 185 Okl. 566, 94 P.2d 896. There are other elements to tender, none of which is applicable here.

■ Final paragraph of letter, inviting acceptance without condition, did away with conditions recited in earlier paragraphs. We hold tender was complete on May 23, 1974. As judgment entered by trial court included interest upon judgment at 10% per annum until paid, judgment is modified to allow defendants credit for interest for the period May 23, 1974, to December 20, 1974, on amount tendered.

Opinion of Court of Appeals reversed and vacated. Decision of trial court as modified is affirmed.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BARNES, SIMMS and DOOLIN, JJ., concur.