**J. E. SMITH, d/b/a Midwest and Komantica Construction Co., Appellant,**

v.

**Roberta D. ROBINSON, Individually, and Roberta D. Robinson, Successor in Interest of the Estate of William M. Robinson, and Virginia D. Holland, Appellees.**

No. 50959.

Supreme Court of Oklahoma.

May 1, 1979.

11.  *Horn v. Sturm*, Okl., 408 P.2d 541, 546 [1965].

Williams, Paddock & Dale by William J. Dale, Tulsa, for appellant.

Bruce Miller Townsend, Tulsa, for appellee, Roberta D. Robinson.

Smith, Brown, Martin, Adkisson & Birmingham by Darven L. Brown, Tom A. Mann, Tulsa, for appellee, Virginia D. Holland.

OPALA, Justice:

In this case we are called upon the answer the following questions: (a) is a landowner's pre-suit tender to contractor in redemption of the premises from a mechanic's and materialman's lien sufficient in law although it fails to include two expense items incurred in the filing of the lien?[1] (b) if the tender so made, though adequate in law, be met with refusal and landowner then discharges the lien by complying with the procedure set forth in 42 O.S.1971 § 147[2], does the prior tender continue to shield him from liability for court costs, including contractor's counsel fee, when contractor recovers in foreclosure suit the full amount claimed in the lien? and (c) if the landowner's pre-suit tender does in fact protect him from liability for costs, may he as the "prevailing" party, within the meaning of 42 O.S.1971 § 176, recover against the contractor for the services of his own attorney?

The trial court resolved all these issues in favor of the landowner. The Court of Appeals reversed and awarded an attorney's fee to the contractor. We granted certiorari to settle what appear, in the context presented, to be questions of first impression.

The material facts—none in dispute—have their inception in a July 7, 1976 oral landowner/contractor agreement to provide labor and materials on the premises for $655.00. For the work, completed that day,

---

1. $2.00 in filing fee and $50.00 for attorney's services.

2. Since amended twice in 1977 and 1978. See 42 O.S.Supp.1978 § 147.

an invoice was rendered July 20[3] and a mechanic's and materialman's lien for the unpaid contract price was filed August 6.

Landowner's initial pre-suit offer to pay the lien claim in full occurred August 11. It was coupled with a comment about "a small minor detail" that remains undone and a demand for "lien waivers from all persons working on the job." Though contractor responded by providing his affidavit that negates the existence of any "unpaid bills" which would constitute "lienable claims" against the premises, he refused the offer because its amount did not include the $2.00 filing fee for the lien and the $50.00 fee for attorney's services. On the very same ground contractor refused landowner's second pre-suit offer of $655.00 made in unconditional terms on September 15.[4] Two months later [November 15] landowner discharged the lien in compliance with the procedure prescribed in 42 O.S.1971 § 147 by depositing in court the amount of the claim [$655.00] in cash and posting a bond with penalty in the same amount for attorney's fee and costs.

The foreclosure suit under review was filed November 22. In her answer, which sets up in detail all the rejected pre-suit offers to pay the $655.00 lien claim, landowner did "again tender into court and offer judgment to be taken" for that amount but without costs. Included in the prayer is her plea for a reasonable attorney's fee to be taxed against contractor.

■ Since landowner's August 11 offer could be termed as conditional in form, there may be some question about its suffi-ciency as a "tender". In its strict, technical sense tender of money must be an unconditional offer by obligor to pay the obligee.[5] We need not concern ourselves here with the efficacy of the August 11 act because the second pre-suit offer of September 15 doubtless meets the legal requirements of a "legal tender" if its amount was sufficient [although it did not include the two items of lien-filing expense]. Nor are we called upon to decide whether contractor's admitted refusal of this tender operated in law to discharge his lien.[6] While under some circumstances a lien discharge may result by force of law from an obligee's rejection of a valid tender, that question is not before us.[7] Neither here nor below did landowner urge that this consequence should be attached to contractor's rejection of his tender.

■ By the terms of 42 O.S.1971 §§ 18 and 20 a person may redeem his property from a lien by offering to pay the obligation for which the lien stands as security together with allowable "damages for delay". This is the very amount landowner tendered in her redemption attempt. This much and nothing more is statutorily required to effect a valid redemption in advance of a suit. Absent a different contractual arrangement, damages recoverable for breach of obligation to pay money only is the amount due, with interest thereon. 23 O.S.1971 § 22.

■ There is here no claim that interest was due on September 15. Contractor's sole argument is that he was entitled to the lien-filing expenses. We are constrained to

---

3. All dates which follow refer to 1976.

4. The record does refer us to a foreclosure suit on file when the September 15 offer was made. We find it without legal significance here. In that suit, which ended on November 15 with the filing of a dismissal without prejudice, dated September 15, no service on landowners had been effected when the September 15 tender was made.

5. *Edwards v. Lachman*, Okl., 567 P.2d 73, 78 [1977]; *Davidson v. Rogers*, Okl., 471 P.2d 455, 458 [1970]; *State ex rel. Commissioners of Land Office v. Wood*, 202 Okl. 664, 217 P.2d 171, 173 [1950].

6. *First Nat. Bank of Davis v. Britton*, 185 Okl. 566, 94 P.2d 896, 898 [1939].

7. *Smith, Wogan & Co. v. Bice*, 34 Okl. 294, 125 P. 456, 457 [1912]; *Knudson v. Fenimore*, 69 Okl. 3, 169 P. 478, 480 [1918]; cf. *First Nat. Bank of Davis v. Britton*, supra note 6. The rule's rationale is articulately expressed in *Mid-State Homes, Inc. v. Jackson*, Okl., 519 P.2d 472, 476 [1974]; *Wiemeyer v. Southern Trust & Commerce Bank*, 107 Cal.App. 165, 290 P. 70, 74 [1930] and in *Bardon Loan Co. v. Boggs*, 159 Okl. 196, 14 P.2d 947, 948 [1932].

hold that inasmuch as landowner had neither contractual liability for payment of contractor's attorney's fee and lien filing costs nor for any interest asserted to be due, her pre-suit tender of September 15 in the principal amount of the admitted obligation was sufficient in law to redeem the premises from the lien.[8]

■ Landowner's subsequent actions, all consistent with her September 15 offer, entitle her to the benefits of her pre-suit legal tender. Our law is clear that where, as here, obligee's recovery does not exceed the amount of the tender, a legal tender will operate to relieve the debtor of liability for interest accruing thereafter and for costs afterwards incurred.[9]

■ Contractor's claim to an attorney's fee seems to be based on his argument that the terms of 42 O.S.1971 § 147 assure him of "a reasonable attorney's fee" upon recovery of "the full amount of the cash deposited". We cannot accede to that view. The cited section may not be invoked to negate the effect of a pre-suit tender. A contrary holding would effectively defeat a property owner's redemption rights under 42 O.S. 1971 §§ 18 and 20. It would enable lienors, by indirection, to postpone the time of redemption beyond pre-suit tender and exact a price for the lienee's exercise of this right in direct violation of 42 O.S.1971 § 11.[10]

We hold that a valid pre-suit tender will shield the obligor from liability for interest as well as for court costs even if obligee should recover the full amount of cash deposited under the provisions of 42 O.S.1971 § 147 [11] to discharge the lien.

■ We lastly pass to the third question to be answered, i. e., is the landowner entitled here to an award of an attorney's fee against the contractor?

Inasmuch as the judgment that may be rendered herein cannot exceed the very liability confessed and tendered by landowner in pre-suit stages, the controversy is resolved "on her terms" and she is in effect "the party for whom judgment is rendered", within the meaning of 42 O.S.1971 § 176. She may hence recover a reasonable attorney's fee and be relieved of all costs taxed in the action.

There was no error in the trial court's judgment.

Opinion of Court of Appeals is vacated and trial court's judgment is reinstated.

All Justices concur.

8. *First Nat. Bank of Davis v. Britton*, supra note 6; see also *Swan-Sigler, Inc. v. Black*, Okl., 414 P.2d 300 [1966] and *Pierson v. American Nat. Bank of Shawnee*, Okl., 325 P.2d 426 [1958].

9. *Smith v. Owens*, Okl., 397 P.2d 673, 680 [1965]; *Liberty Nat. Bank of Weatherford, Okl. v. Semkoff*, 184 Okl. 18, 84 P.2d 438, 440 [1938].

10. See *Coursey v. Fairchild*, Okl., 436 P.2d 35 [1967].

11. *Enid Conservative Inv. Co. v. Porter*, 45 Okl. 406, 145 P. 805, 806 [1915]. The situation here is somewhat analogous to that in *Pierson v. American National Bank of Shawnee*, supra note 8, where we held that § 176 did not authorize an award of counsel fees against one who had *disclaimed* any interest in the property on which a lien is sought to be enforced. This is so because long before this suit was commenced landowner had *disclaimed* any right to withhold from contractor the principal amount tendered.