OSCN Found Document:BENEFIEL v. BOULTON

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 BENEFIEL v. BOULTON
2015 OK 32
Case Number: 111178
Decided: 05/12/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 32, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

ALAN BENEFIEL, Plaintiff-Appellee,
v.
JEWEL BOULTON and CHRISTA BENEFIEL Defendants-Appellants.

CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION I, 
ON APPEAL FROM THE DISTRICT COURT OF SEMINOLE COUNTY, 
STATE OF OKLAHOMA, HONORABLE TIMOTHY OLSON

¶0 Plaintiff Benefiel brought suit against Defendant Boulton to quiet title and to foreclose a judgment lien granted in connection with a divorce decree entered in a prior case. The subject real property was sold to Boulton subject to the pre-existing judgment lien. Plaintiff claimed a reversionary provision in his divorce decree vested him with title to the subject real property following his ex-spouse's default on a property settlement debt. In a prior appeal, the Court of Civil Appeals invalidated the reversionary clause, but found the property was subject to a valid lien. On remand, Boulton invoked her statutory right of redemption, under 42 O.S. § 20, by paying the underlying obligation plus interest; however, Boulton's discharge of the lien was not accomplished for more than three years after litigation was commenced. Thus, Plaintiff was the prevailing party on the lien foreclosure claim. We hold that Boulton's redemption of the subject property occurred when she tendered both the underlying $5,000.00 obligation and the accumulated interest owed thereon. For purposes of any post-judgment attorney fee applications Plaintiff is deemed the prevailing party on his lien foreclosure claim. Nevertheless, Boulton prevailed on Plaintiff's quiet tile cause of action.

COURT OF CIVIL APPEALS' OPINION VACATED;
MATTER REMANDED FOR FURTHER PROCEEDINGS
CONSISTENT WITH THIS OPINION

Robert J. Bartz, Joe M. Fears, David M. vonHartitzsch, Barber & Bartz, Tulsa, OK, for Jewel Boulton, Defendant-Appellant
Jerry L. Colclazier, Colclazier & Associates, Seminole, OK, for Plaintiff-Appellee

GURICH, J.

Facts & Procedural History

¶1 Alan Benefiel ("Plaintiff") and Christa Benefiel were divorced by a consent decree entered on May 13, 2005. Consistent with the terms of the parties' divorce decree, Plaintiff executed a quit claim deed, transferring title in the former marital residence to Christa Benefiel. In exchange for relinquishing his ownership interest in the property, the decree required Christa Benefiel to pay Plaintiff $25,000.00 as alimony in lieu of property division. Payments were structured incrementally over a period of four years; $10,000 was due by June 13, 2005, and $5,000 was payable on January 31 for years 2006, 2007, and 2008. As security for the property division judgment, Plaintiff was awarded a lien encumbering the residence. The lien was to remain in effect until all payments were completed. Further, the decree contained a clause which vested Plaintiff with the right to immediate title and possession of the property should Christa Benefiel fail to timely remit any of the annual installments.

¶2 Prior to paying the final installment, Christa Benefiel sold the subject real property to a third-party, Jewel Boulton ("Boulton"), for the sum of $73,000.00. Boulton paid $17,000.00 as a down payment and financed the remainder of the purchase price. The divorce decree had not been filed with the Seminole County Clerk; however, it was made a part of the abstract of title. Despite its inclusion in the abstract, a title opinion issued prior to closing failed to identify the divorce judgment as a potential cloud or defect.

¶3 Christa Benefiel failed to make the final property division installment due on January 31, 2008. Plaintiff filed suit against both Boulton and Christa Benefiel on November 17, 2008. His petition asserted several claims, including demands to quiet title and to allow foreclosure of the lien. In her Answer, Boulton maintained that Plaintiff had no right, title, or interest in the house and that his lien from the divorce decree was ineffective and void. Both Boulton and Plaintiff sought summary judgment. Plaintiff's motion for summary judgment requested that title to the property be quieted in his name, relying on the reversionary clause contained in Plaintiff's divorce decree. Boulton likewise maintained she was entitled to have title to the property quieted in her name, free and clear of any claim by the Plaintiff. On March 24, 2010, the trial court entered judgment in favor of Plaintiff, finding (1) the divorce decree created a valid "mortgage lien" against the property; (2) Christa Benefiel defaulted on the property division obligation; and (3) in accordance with the divorce decree, Christa Benefiel's default resulted in the automatic reversion of title to Plaintiff.

¶4 Boulton initiated an appeal of the trial court judgment, and on March 31, 2011, COCA reversed the ruling and remanded the matter for further proceedings (Boulton I). The opinion in Boulton I made several findings which are relevant to the present appellate proceeding. First, COCA determined that Plaintiff's judgment lien was properly perfected.[1] Specifically, COCA found that notwithstanding Plaintiff's failure to file the divorce decree with the Seminole County Clerk, inclusion of the judgment in the abstract of title provided Boulton with actual notice of the lien. Therefore, Boulton purchased the residence subject to a valid preexisting encumbrance. Second, COCA noted the judgment lien was "analogous to a real estate mortgage lien which secures a specific parcel of real property for the payment of a sum of money."[2] Finally, the COCA opinion reversed summary judgment, finding the reversionary provision in the divorce decree was void because it deprived Boulton of the right to redeem the property.[3] On October 17, 2011, we granted certiorari for the limited purpose of vacating an appeal-related attorney fee award to Boulton issued by COCA. We issued an order which postponed a final ruling on attorney fees and directed the parties to submit their applications in the trial court once a prevailing party could be determined.[4]

¶5 On remand Plaintiff again sought summary judgment, this time asserting his right to foreclose the lien. Plaintiff maintained he was entitled to a monetary judgment against Boulton based on the unsatisfied judgment lien. On December 2, 2011, Boulton filed a response, with her only contention being that Plaintiff was not entitled to an in personam judgment. The following day, American Eagle Title Insurance, on behalf of Boulton, deposited $5,000.00 with the Seminole County Court Clerk in furtherance of her efforts to redeem the property. However, the payment did not include an amount representing interest on the unpaid judgment lien amount. Plaintiff filed a reply, arguing that although compliance with the redemption statute would prevent judicial sale of the property, Boulton's delay in discharging the lien, coupled with Plaintiff's success in the resulting litigation, rendered him the prevailing party for purposes of attorney fees and costs.

¶6 At a hearing on April 4, 2012, the trial judge entered partial summary judgment in favor of Plaintiff allowing foreclosure of the judgment lien. The trial court additionally found that Boulton had a continued right to redeem the property pursuant to 42 O.S. §§ 18 and 20. At the time of the trial court's April 2012 pronouncement, Boulton had only paid the original lien amount of $5,000.00, without tendering an amount for interest.

¶7 Unable to reach a consensus on the contents of a journal entry memorializing the April 4 ruling, Boulton filed a motion to settle on June 7, 2012, which acknowledged:

However, counsel for Plaintiff refused to accept tender of the $5,000.00 as redemption of the Property. Instead, Plaintiff's counsel argued that redemption required payment of the $5,000.00, plus interest, attorney's fees and costs.

Ms. Boulton is in the process of tendering an additional sum of money to the Court Clerk to cover interest on the $5,000.00 from the date of non-payment.[5]

On June 22, 2012, American Eagle Title Insurance deposited a second check with the Seminole County Court Clerk representing accumulated interest. Plaintiff filed a response to the motion to settle, pointing out his perceived deficiencies in Boulton's proposed journal entry. On September 27, 2012, the trial court entered a Court Minute adopting Plaintiff's suggested Journal Entry of Judgment.[6] Boulton commenced a second appeal, and the matter was assigned to COCA (Boulton II).

¶8 Initially, COCA issued an opinion affirming the district court judgment in favor of Plaintiff. However, Boulton filed a petition for rehearing, and on May 30, 2013, COCA issued a substitute opinion reversing the trial court's judgment. Relying on our holding in Smith v. Robinson, 1979 OK 57, 594 P.2d 364, COCA found that Boulton's payment of the $5,000.00 judgment lien amount with interest was sufficient to "redeem the real property from Alan's lien and to discharge the lien." COCA remanded the case and directed the trial court to enter judgment in favor of Boulton. In addition, COCA concluded Boulton had successfully defended the foreclosure action, and therefore, was entitled to recover trial and appeal-related attorney fees.

¶9 We granted certiorari to reconcile COCA's decision with our holding in Smith. Finding the two cases are factually and legally distinguishable, we vacate the COCA opinion, reinstate the trial court's April 2012 judgment as modified, and remand for further proceedings in the trial court.

Standard of Review

¶10 This appeal stems from a grant of summary judgment, which calls for de novo review. Carmichael v. Beller, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. Under the de novo standard, this Court is afforded "plenary, independent, and non-deferential authority to examine the issues presented." Harmon v. Cradduck, 2012 OK 80, ¶ 10, 286 P.3d 643, 648. When examining an order sustaining summary judgment, this Court must determine whether the record reveals disputed material facts. Sheffer v. Carolina Forge Co., L.L.C., 2013 OK 48, ¶ 11, 306 P.3d 544, 548. Even when basic facts are undisputed, motions for summary judgment should be denied, if from the evidence, reasonable persons might reach different inferences or conclusions. Id. "All facts and inferences must be viewed in a light most favorable to the party opposing summary adjudication." Id.

Analysis

¶11 We are presented with two primary legal questions in this appeal. Initially, we must determine whether Boulton's post-suit tender of $5,000.00, with interest, was sufficient to satisfy the requirements of 42 O.S. § 20. Plaintiff argues that the redemption statute requires payment of not only principal and interest, but also attorney fees and costs as "damages" under 42 O.S. § 20. Second, we must consider whether COCA's determination that Boulton's post-litigation remittance in furtherance of redemption clothed her with prevailing party status for purposes of awarding attorney fees and costs.

Under Smith v. Robinson, Boulton's Effort to Redeem Her 
Property in the Foreclosure Action Was Complete Upon
Payment of Both the Principal Lien Amount and Accumulated Interest.

¶12 Two statutes are initially implicated in this action. Title 42 O.S. § 18 provides that "[e]very person having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed." To redeem a lien, a party must follow the requirements of 42 O.S. § 20, which provides, "[r]edemption from a lien is made by performing, or offering to perform, the act for the performance of which it is a security, and paying, or offering to pay, the damages, if any, to which the holder of the lien is entitled for delay." According to the COCA opinion in Boulton I, a valid lien was attached to the subject real property, and Boulton was to be afforded an opportunity to discharge the lien by complying with the aforementioned statutes.[7]

¶13 As noted, in Boulton II COCA initially affirmed the trial court's judgment. However, on rehearing, COCA entered its substitute opinion which found in favor of Boulton and awarded her prevailing party attorney fees. To reach this decision, COCA concluded that Benefiel refused to accept Boulton's tender of $5,000.00 plus interest. Additionally, COCA held that Boulton's tender was sufficient to redeem the judgment lien, citing Smith v. Robinson, 1979 OK 57, 594 P.2d 364. Applying the Smith holding, COCA found Boulton was entitled to judgment in her favor on the foreclosure claim. However, the facts and procedural posture of Smith are significantly different than those we are faced with today.

¶14 In Smith, Roberta Robinson and J.E. Smith entered into an oral agreement for work to be performed on Robinson's property. Id. ¶ 3, 594 P.2d at 365-366. Smith completed the job and provided an invoice for the work performed. Id. Thereafter, Smith perfected his mechanic's and materialman's lien for the unpaid contract price. Id. Five days later, Robinson tendered an offer to pay the invoice in full; however, Robinson's payment was conditioned on Smith's completion of "a small minor detail." Id. ¶ 4, 594 P.2d at 366. Her offer additionally requested a lien release from Smith and any other contractors. Id. Smith declined to accept the offer because it did not include the attorney's fee or filing cost expended to perfect the lien. Id. Robinson later made a separate offer to pay the invoice in full without any additional conditions. Id. The second offer did not include the added costs associated with the lien filing or attorney's fee. Id. Again Smith declined the offer. Id. Two months later, Robinson discharged the lien in accordance with 42 O.S. 1971 § 147 (repealed 1982) by tendering the invoice amount and by posting a bond with the court clerk. Id.

¶15 A week after Robinson had discharged the lien, Smith filed suit against the homeowner. Id. ¶¶ 5-6, 594 P.2d at 366. The trial court entered judgment in favor of Robinson, but the decision was reversed by COCA on appeal. On certiorari, this Court framed the issues as follows:

In this case we are called upon [to] answer the following questions: (a) is a landowner's pre-suit tender to contractor in redemption of the premises from a mechanic's and materialman's lien sufficient in law although it fails to include two expense items incurred in the filing of the lien? (b) if the tender so made, though adequate in law, be met with refusal and landowner then discharges the lien by complying with the procedure set forth in 42 O.S. 1971 § 147, does the prior tender continue to shield him from liability for court costs, including contractor's counsel fee, when contractor recovers in foreclosure suit the full amount claimed in the lien? and (c) if the landowner's pre-suit tender does in fact protect him from liability for costs, may he as the "prevailing" party, within the meaning of 42 O.S. 1971 § 176 , recover against the contractor for the services of his own attorney?

Smith, ¶ 1, 594 P.2d at 365 (emphasis added)(footnote omitted). Looking to 42 O.S. 1971 §§ 18, 20 and 147,[8] the Smith decision concluded Robinson's tender met the statutory requirements for redemption "in advance of suit." Id. ¶ 7, 594 P.2d at 366.

¶16 Unlike the homeowner in Smith, Boulton disputed the validity of the lien and did not tender the $5,000.00 obligation until December 2, 2011, more than three years after litigation over the lien was commenced. Moreover, Boulton did not submit a payment representing interest on the unpaid lien amount until June 22, 2012, more than a month after the trial judge pronounced judgment in favor of Plaintiff on remand.[9] Thus, we must determine whether these payments, although delayed, were sufficient to complete the redemption process and discharge Plaintiff's judgment lien.

¶17 According to our prior decisions, "[t]he redemptive right is not extinguished at the time of sale but rather when the order of sale is confirmed." Sooner Fed. Sav. and Loan Ass'n v. Okla. Cent. Credit Union, 1989 OK 170, ¶ 11, 790 P.2d 526, 529. Thus, Boulton still had a right to redeem the property in this case, even after the foreclosure judgment was entered. Nevertheless, Plaintiff maintains that to redeem the subject property by way of 42 O.S. § 20, Boulton was required to tender the principal amount of the lien, together with interest, attorney fees, and costs. He posits that under 42 O.S. § 20, the term "damages" must include the expenses of litigation. We disagree. Our decision in Smith is controlling over the outcome of this issue, wherein we explained:

By the terms of 42 O.S. 1971 §§ 18 and 20 a person may redeem his property from a lien by offering to pay the obligation for which the lien stands as security together with allowable "damages for delay". This is the very amount landowner tendered in her redemption attempt. This much and nothing more is statutorily required to effect a valid redemption in advance of a suit. Absent a different contractual arrangement, damages recoverable for breach of obligation to pay money only is the amount due, with interest thereon. 23 O.S. 1971 § 22.

Smith, ¶ 7, 549 P.2d at 366. Although the above-quoted passage from Smith applies to a redemption effort in advance of suit, we believe the outcome is no different in this case. Absent a contractual obligation to pay attorney fees and costs, Boulton needed only to tender the principal debt and interest. She was not required to pay attorney fees and costs to complete redemption of the real property. Upon tender of both the principal balance and interest, Boulton successfully discharged the judgment lien. Nevertheless, we find it was erroneous for COCA to conclude Boulton was entitled to entry of judgment in her favor on the foreclosure claim. While Boulton may have successfully redeemed the property by tendering payment under Section 20, she cannot be characterized as the prevailing party on the foreclosure claim.

Both Parties Prevailed on Distinct Claims for Purposes of 
Any Trial or Appeal-Related Attorney Fee Claims.

¶18 As noted previously, COCA concluded that despite forcing Plaintiff to litigate the validity of the lien, Boulton was the prevailing party, and therefore, entitled to recover her attorney fees under 42 O.S. 2001 § 176. Title 42 O.S. 2011 § 176 provides:

In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action.

Because the redemption in this case occurred three and a half years after litigation was commenced, and after the trial court entered judgment in favor of Plaintiff, Smith is distinguishable on the issue of attorney fees under § 147:

Our law is clear that where, as here, obligee's recovery does not exceed the amount of the tender, a legal tender will operate to relieve the debtor of liability for interest accruing thereafter and for costs afterwards incurred.

Contractor's claim to an attorney's fee seems to be based on his argument that the terms of 42 O.S. 1971 § 147 assure him of "a reasonable attorney's fee" upon recovery of "the full amount of the cash deposited." We cannot accede to that view. The cited section may not be invoked to negate the effect of a pre-suit tender. A contrary holding would effectively defeat a property owner's redemption rights under 42 O.S. 1971 §§ 18 and 20. It would enable lienors, by indirection, to postpone the time of redemption beyond pre-suit tender and exact a price for the lienee's exercise of this right in direct violation of 42 O.S. 1971 § 11.

Smith, ¶¶ 9-10, 594 P.2d at 367 (emphasis added)(footnotes omitted). Consequently, we hold Plaintiff should be considered the prevailing party on his foreclosure claim.

¶19 However, our analysis does not end there. Count I in Plaintiff's Petition sought to quiet title to the real property under the reversionary clause of Plaintiff's divorce decree. Plaintiff spent considerable effort pursuing outright title to the property. The COCA, in Boulton I, held that the reversionary clause contained in the Benefiels' divorce decree was void and unenforceable. Consequently, we conclude Boulton successfully defended Plaintiff's quiet title claim, and she is the prevailing party on that issue. See Tomahawk Resources, Inc. v. Craven, 2005 OK 82, ¶ 6, 130 P.3d 222, 223-224 (holding both parties had prevailed on distinct claims and that each was entitled to attorney fees and costs in relation to those claims).

Conclusion

¶20 We find that Boulton's redemption of the subject property occurred when she tendered both the underlying $5,000.00 obligation and the accumulated interest owed thereon. For purposes of any post-judgment attorney fee applications Plaintiff is deemed the prevailing party on his lien foreclosure claim. Nevertheless, Boulton prevailed on Plaintiff's quiet tile cause of action. On remand the trial court is directed to release the lien attached to Boulton's real property, to enter judgment on both of the aforementioned claims as outlined herein, and to award attorney fees, if allowable, consistent with this opinion.

COURT OF CIVIL APPEALS' OPINION VACATED;
MATTER REMANDED FOR FURTHER PROCEEDINGS
CONSISTENT WITH THIS OPINION

Reif, C.J., Combs, V.C.J., Winchester, Edmondson, Taylor and Gurich, JJ., concur;

Kauger, Colbert and Watt (by separate writing), JJ., concur specially. 

FOOTNOTES

[1] Benefiel v. Boulton, et al., Case No. 108,227, at p. 4 (Mar. 31, 2011)(unpublished).

[2] Id. at p. 5. (citation omitted).

[3] Id. at p. 7. (citation omitted).

[4] Order, Case No. 108,227 (Oct. 17, 2011) (citing GRP of Texas, Inc. v. Eateries, Inc., 2001 OK 53, ¶ 11, 27 P.3d 95, 99).

[5] Record on Accelerated Appeal, Motion to Settle Journal Entry of Judgment, Doc. 15.

[6] Plaintiff's proposed Journal Entry of Judgment was attached to a document entitled Court Minute. Boulton's Petition in Error attached the Court Minute as the appealable order. We directed Boulton to file an Amended Petition in Error with an order complying with 12 O.S. 2011 § 696.2. See Corbitt v. Williams, 1995 OK 53, ¶ , 897 P.2d 1129, 1131-1132. The actual Journal Entry of Judgment was filed October 29, 2012 and was included with Boulton's Amended Petition in Error.

[7] Benefiel v. Boulton, Case No. 108,227, at p. 4, 6 and 9 (March 31, 2011) ("As a matter of equity, [Boulton] should be provided the opportunity in this foreclosure to pay [Christa Benefiel's] arrearage and redeem the real property from [Alan Benefiel's] lien.").

[8] In 1982, 42 O.S 1971 § 147 was repealed and replaced with a similar provision, 42 O.S. § 147.1. Neither party advocates for application of § 147.1.

[9] The trial court pronounced judgment in favor of Plaintiff on April 4, 2012. A journal entry memorializing this ruling was not filed until September 28, 2012. In compliance with the mandate in Boulton I, the trial court recognized Boulton still had an opportunity to redeem the property, noting, "Alan Benefiel is entitled to foreclose said lien and Boulton has a right to redeem the property pursuant to 42 O.S. § 18 and 20."

 

 

WATT, J., with whom KAUGER and COLBERT, JJ. join, concurring specially:

¶1 While I concur that a strict reading of the statutes allows for the award of prevailing party attorney fees, I believe equity calls for a careful examination of each parties' conduct that spawned this litigation.

¶2 The majority opinion finds that plaintiff prevailed on his lien foreclosure claim and Boulton "prevailed" on plaintiff's quiet title action.

¶3 Both conclusions are supported by their respective statutes but this case is a prime example of why it is the obligation of the trial court judge upon remand to have broad discretion on the awarding of statutory attorneys fees. The trial court is familiar with the parties and has observed their demeanor and the reasons for their actions below.

¶4 It is the trial court judge who is in the best position to rule upon these motions for attorney fees, if any, to the parties based upon, not only the law but, their conduct during the trial court proceedings.

¶5 I would urge the trial court judge to exercise sound discretion in deciding if, indeed, both parties should be allowed appeal-related attorney fees.

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 170, 790 P.2d 526, 60 OBJ 2842, Sooner Federal Sav. and Loan Ass'n v. Oklahoma Cent. Credit Union
Discussed
 2001 OK 53, 27 P.3d 95, 72 OBJ 1938, GRP OF TEXAS, INC v. EATERIES, INC.
Discussed
 1995 OK 53, 897 P.2d 1129, 66 OBJ 1829, Corbit v. Williams
Discussed
 2005 OK 82, 130 P.3d 222, TOMAHAWK RESOURCES, INC. v. CRAVEN
Discussed
 1996 OK 48, 914 P.2d 1051, 67 OBJ 1173, Carmichael v. Beller
Discussed
 2012 OK 80, 286 P.3d 643, HARMON v. CRADDUCK
Discussed
 2013 OK 48, 306 P.3d 544, SHEFFER v. CAROLINA FORGE COMPANY, L.L.C.
Discussed
 1979 OK 57, 594 P.2d 364, SMITH v. ROBINSON
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 696.2, Judgment, Decree or Appealable Order to be Written - Preparation of Written Documents - Filing - Mailing - Effect
Cited
Title 23. Damages
 Cite
Name
Level

 23 O.S. 22, Detriment Caused by Breach of Obligation to Pay Money
Cited
Title 42. Liens
 Cite
Name
Level

 42 O.S. 147.1, Discharge of Lien
Cited
 42 O.S. 11, Contracts for Forfeiture of Property Subject to Lien and in Restraint of Right of Redemption - Void
Cited
 42 O.S. 18, Right to Redeem Lien - Federal Right of First Refusal
Discussed at Length
 42 O.S. 20, Making of Redemption
Discussed at Length
 42 O.S. 147, Repealed by Laws 1982, SB 548, c. 332, § 3
Discussed at Length
 42 O.S. 176, Right to Recover Attorney's Fees
Discussed at Length